IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMY PALMER | ) | **04 11954 RCL** |
| Plaintiff, | ) | |
| | ) | C.A. |
| v. | ) | |
| | ) | MAGISTRATE JUDGE Cohen |
| CHAMPION MORTGAGE | ) | |
| Defendant. | ) | |

RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED YES
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. FCM
DATE 9/8/04

## COMPLAINT

### INTRODUCTION

1. This action seeks redress against Champion Mortgage for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 and it's Massachusetts counterparts, Massachusetts Consumer Credit Cost Disclosure Act ("CCCDA"), Mass. G.L. ch. 140D §§1-34, and 209 C.M.R. part 32.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 ( general jurisdiction),1332 ( diversity jurisdiction) and 1337 ( interstate commerce) and 1367 ( supplemental jurisdiction). Diversity jurisdiction is applicable as the Plaintiff is resident of Massachusetts and seeks rescission of a $220,000.00 mortgage obligation held by an out of state corporation that does not have it's principle place of business in Massachusetts.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28

1

U.S.C. § 1391(c).

## PARTIES

4. Plaintiff Amy Palmer resides at 75 Holmes Street, Halifax, MA 02338.

5. Defendant Champion is a National corporation with its principle place of business at 2 Gatehall Drive, Parsippany, NJ 07054.

6. Champion enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

7. Champion is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

8. Champion is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

## FACTS

9. On or about March 28, 2003, Plaintiff obtained a loan from Champion, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

10. In connection with the transaction, the plaintiff attended a closing at the law office of Topkins and Bevans at 155 Grossman Drive, Suite 401, Braintree, MA 02184 and signed the following documents.

    1. A note in the principal amount of $220,000.00;

    2. A mortgage;

    3. A Truth in Lending statement; and

    4. A HUD-1 Settlement Statement.

11. The plaintiff was not provided with any of the required material disclosures of 15 U.S.C. §1602(u) and its Massachusetts counterpart at the time of the closing. In fact, the plaintiff left the closing attorney's office without any of the statutorily required disclosures. The Plaintiff did not receive the required material disclosures and copies of other pertinent closing documentation until several days after the consummation of the loan.

12. Because the transaction was secured by Plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.

Section 226.23 of 15 U.S.C. §1635 provides:

> **(a) <u>Consumer's right to rescind.</u>**
>
> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
>
> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
>
> **(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f)**

of the Act. [15 U.S.C. §1635(f)]

> (4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

**(b) Notice of right to rescind.** In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

> (1) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
> (2) The consumer's right to rescind the transaction.
>
> (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
> (4) The effects of rescission, as described in paragraph (d) of this section.
>
> (5) The date the rescission period expires. . . .

**(f) Exempt transactions.** The right to rescind does not apply to the following:

> (1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>
> (2) A credit plan in which a state agency is a creditor.

13. On or about August 6, 2004, the Plaintiff exercised her extended right to rescind the loan for violations of TILA and Massachusetts counterparts. A notice of rescission was sent via certified mail to Champion's Agent, Topkins and Bevans. A Copy of the notice is attached as Exhibit A.

14. Champion failed to respond to Plaintiff's request to rescind the mortgage.

## COUNT I

### TRUTH IN LENDING ACT VIOLATIONS

15. Plaintiff incorporates ¶¶ 1-14 as if fully set out herein.

16. By failing to provide the material disclosures, Champion violated TILA and the Massachusetts counterparts.

17. By failing to provide the Notice of Right to Cancel form at the closing, Champion failed to give Plaintiff clear and conspicuous notice of her right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23 and accordingly, the Plaintiff is entitled to rescind the mortgage.

18. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission. Mass .G.L. ch. 140D § 10(g) is identical except for citation.

19. The failure of the Defendant to respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) and Mass .G.L. ch. 140D § 32 entitling the Plaintiff to an award of statutory damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant Champion as follows:

1. A declaration that Plaintiff is entitled to rescind;

2. Rescission of the loan;

3. Statutory damages;

4. Attorney's fees, litigation expenses and costs.

5. Such other relief as the Court deems appropriate.

Respectfully submitted,

_____
Christopher M. Lefebvre

Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
BBO# 629056

## JURY DEMAND

Plaintiff demands trial by jury.

_____
Christopher M. Lefebvre

S:\WPFILES\Pending Consumer NON BK Cases\TILA\Palmer v. Champion\Compaint.wpd

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __PALMER V. CHAMPION__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   ___    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

   ___    IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

   ___    V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO **X**

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐    NO **X**

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO **X**

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO **X**

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐    NO **X**

   A.    If yes, in which division do all of the non-governmental parties reside?

         Eastern Division ☐       Central Division ☐       Western Division ☐

   B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

         Eastern Division **X**    Central Division ☐       Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐    NO **X**

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Christopher M. Lefebvre, Esq.__
ADDRESS __P.O. Box 479, Pawtucket, RI 02862__
TELEPHONE NO. __(401) 728-6060__

(CategoryForm.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## 1. (a) PLAINTIFFS
AMY PALMER

## DEFENDANTS
CHAMPION MORTGAGE

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Christopher M. Lefebvre, Esq #4019
PO Box 479, Pawtucket, RI 02862-0479

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | | | Foreign Nation | | |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce/ICC Rates/etc |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers Liability | | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth In Lending | 690 Other | | 850 Securities/Commodities/ Exchange |
| 160 Stockholders Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 891 Agricultural Acts |
| 195 Contract Product Liability | | | 720 Labor/Mgmt Relations | 862 Black Lung (923) | 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | 863 DIWC/DIWW(405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 730 Labor/Mgmt Reporting & Disclosure Act | 864 SSID Title XVI | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | HABEAS CORPUS: | 740 Railway Labor Act | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 530 General | | FEDERAL TAX SUITS | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff or Defendant) | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 440 Other Civil Rights | 540 Mandamus & Other | 791 Empl Ret Inc. Security Act | 871 IRS - Third Party 26 USC 7609 | [X] 890 Other Statutory Actions |
| 290 All other Real Property | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multidistrict Litigation
- 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Complaint for actual, statutory and punitive damages, costs, and attorney fees pursuant to TILA 15 U.S.C. 1601 et. seq. (TRUTH IN LENDING) and MGL §140D

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P 23

DEMAND $ _____

CHECK YES only if demanded in Complaint
JURY DEMAND: [X] YES   NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 9/7/04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____