Case 1:04-cv-11954-RCL    Document 5-5    Filed 12/13/2004    Page 1 of 16    Page 1 of 2

Search - 1 Result - 34.1
Source: Legal > Federal Legal - U.S. > CFR - Code of Federal Regulations - Selected Documents
TOC: Code of Federal Regulations > /.../ > SUBPART A— GENERAL > § 34.1 General and scope.
Terms: 34.1 (Edit Search)

12 CFR 34.1

LEXIS PUBLISHING'S CODE OF FEDERAL REGULATIONS
Copyright    2004, LEXIS Publishing

\*\*\* THIS SECTION IS CURRENT THROUGH THE DECEMBER 2, 2004 ISSUE OF \*\*\*
\*\*\* THE FEDERAL REGISTER \*\*\*

TITLE 12 -- BANKS AND BANKING
CHAPTER I -- COMPTROLLER OF THE CURRENCY, DEPARTMENT OF THE TREASURY
PART 34 -- REAL ESTATE LENDING AND APPRAISALS
SUBPART A -- GENERAL

12 CFR 34.1

§ 34.1 General and scope.

   (a) Purpose. The purpose of this part is to set forth standards for real estate-related lending and associated activities by national banks.

(b) Scope. This part applies to national banks and their operating subsidiaries as provided in 12 CFR 5.34. For the purposes of 12 U.S.C. 371 and subparts A and B of this part, loans secured by liens on interests in real estate include loans made upon the security of condominiums, leaseholds, cooperatives, forest tracts, land sales contracts, and construction project loans. Construction project loans are not subject to subparts A and B of this part, however, if they have a maturity not exceeding 60 months and are made to finance the construction of either:

(1) A building where there is a valid and binding agreement entered into by a financially responsible lender or other party to advance the full amount of the bank's loan upon completion of the building; or

(2) A residential or farm building.

**HISTORY:**
[48 FR 40701, Sept. 9, 1983, as amended at 48 FR 49216, Oct. 25, 1983; 55 FR 34696, Aug. 24, 1990; 61 FR 11294, 11300, March 20, 1996]

**AUTHORITY:**
AUTHORITY NOTE APPLICABLE TO ENTIRE PART:
12 U.S.C. 1 et seq., 29, 93a, 371, 1701j-3, 1828(o), and 3331 et seq.

**NOTES:**
[EFFECTIVE DATE NOTE: 61 FR 11294, 11300, March 20, 1996, revised Subpart A, effective April 19, 1996.]
NOTES APPLICABLE TO ENTIRE TITLE:
CROSS REFERENCES: Farmers Home Administration: See Agriculture, 7 CFR, chapter XVIII.
Office of Assistant Secretary for Housing-Federal Housing Commissioner, Department of Housing and Urban Development: See Housing and Urban Development, 24 CFR, chapter II.
Fiscal Service: See Money and Finance: Treasury, 31 CFR, chapter II.
Monetary Offices: See Money and Finance: Treasury, 31 CFR, chapter I.
Commodity Credit Corporation: See Agriculture, 7 CFR, chapter XIV.
Small Business Administration: See Business Credit and Assistance, 13 CFR, chapter I.
Rural Electrification Administration: See Agriculture, 7 CFR, chapter XVII.

11

NOTES APPLICABLE TO ENTIRE CHAPTER:
Other regulations issued by the Department of the Treasury appear in title 19, chapter I, title 26, chapter I, title 27, chapter I, title 31, title 48, chapter 10.

NOTES APPLICABLE TO ENTIRE PART:
[PUBLISHER'S NOTE: For Federal Register citations concerning temporary exceptions, see 58 FR 42640 (1993); 59 FR 62562, Dec. 6, 1994.]

169 words

Source: Legal > Federal Legal - U.S. > **CFR - Code of Federal Regulations - Selected Documents**
TOC: Code of Federal Regulations > /.../ > SUBPART A-- GENERAL > **§ 34.1 General and scope.**
Terms: **34.1** (Edit Search)
View: Full
Date/Time: Monday, December 6, 2004 - 3:09 PM EST

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Source: Legal > Federal Legal - U.S. > CFR - Code of Federal Regulations - Selected Documents
TOC: Code of Federal Regulations > /.../ > SUBPART B-- OPEN-END CREDIT > § 226.15 Right of rescission.
Terms: 226 (Edit Search)

↲Select for FOCUS™ or Delivery

12 CFR 226.15

LEXIS PUBLISHING'S CODE OF FEDERAL REGULATIONS
Copyright   2004, LEXIS Publishing

*** THIS SECTION IS CURRENT THROUGH THE DECEMBER 2, 2004 ISSUE OF ***
*** THE FEDERAL REGISTER ***

TITLE 12 -- BANKS AND BANKING
CHAPTER II -- FEDERAL RESERVE SYSTEM
SUBCHAPTER A -- BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM
PART 226 -- TRUTH IN LENDING (REGULATION Z)
SUBPART B -- OPEN-END CREDIT

12 CFR 226.15

§ 226.15 Right of rescission.

   (a) Consumer's right to rescind. (1)(i) Except as provided in paragraph (a)(1)(ii) of this section, in a credit plan in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind: each credit extension made under the plan; the plan when the plan is opened; a security interest when added or increased to secure an existing plan; and the increase when a credit limit on the plan is increased.

(ii) As provided in section 125(e) of the Act, the consumer does not have the right to rescind each credit extension made under the plan if such extension is made in accordance with a previously established credit limit for the plan.

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram, or other means of written communication. Notice is considered given when mailed, or when filed for telegraphic transmission, or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following the occurrence described in paragraph (a)(1) of this section that gave rise to the right of rescission, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, n36 whichever occurs last. If the required notice and material disclosures are not delivered, the right to rescind shall expire 3 years after the occurrence giving rise to the right of rescission, or upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.

n36 The term material disclosures means the information that must be provided to satisfy the requirements in § 226.6 with regard to the method of determining the finance charge and the balance upon which a finance charge will be imposed, the annual percentage rate, the amount or method of determining the amount of any membership or participation fee that may be imposed as part of the plan, and the payment information described in § 226.5b(d)(5)(i) and (ii) that is required under § 226.6(e)(2).

(4) When more than one consumer has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

12

(b) Notice of right to rescind. In any transaction or occurrence subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall identify the transaction or occurrence and clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind, as described in paragraph (a)(1) of this section.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires.

(c) Delay of creditor's performance. Unless a consumer waives the right to rescind under paragraph (e) of this section, no money shall be disbursed other than in escrow, no services shall be performed, and no materials delivered until after the rescission period has expired and the creditor is reasonably satisfied that the consumer has not rescinded. A creditor does not violate this section if a third party with no knowledge of the event activating the rescission right does not delay in providing materials or services, as long as the debt incurred for those materials or services is not secured by the property subject to rescission.

(d) Effects of rescission. (1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void, and the consumer shall not be liable for any amount, including any finance charge.

(2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

(3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.

(4) The procedures outlined in paragraphs (d)(2) and (3) of this section may be modified by court order.

(e) Consumer's waiver of right to rescind. (1) The consumer may modify or waive the right to rescind if the consumer determines that the extension of credit is needed to meet a bona fide personal financial emergency. To modify or waive the right, the consumer shall give the creditor a dated written statement that describes the emergency, specifically modifies or waives the right to rescind, and bears the signature of all the consumers entitled to rescind. Printed forms for this purpose are prohibited, except as provided in paragraph (e)(2) of this section.

(2) The need of the consumer to obtain funds immediately shall be regarded as a bona fide personal financial emergency provided that the dwelling securing the extension of credit is located in an area declared during June through September 1993, pursuant to 42 U.S.C. 5170, to be a major disaster area because of severe storms and flooding in the Midwest. n36a In this instance, creditors may use printed forms for the consumer to waive the right to rescind. This exemption to paragraph (e)(1) of this section shall expire one year from the date an area was declared a major disaster.

n36a A list of the affected areas will be maintained by the Board.

(3) The consumer's need to obtain funds immediately shall be regarded as a bona fide personal financial emergency provided that the dwelling securing the extension of credit is located in an area declared during June through September 1994 to be a major disaster area, pursuant to 42 U.S.C. 5170, because of severe storms and flooding in the South. n36b In this instance, creditors may use printed forms for the consumer to waive the right to rescind. This exemption to paragraph (e)(1) of this section shall expire one year from the date an area was declared a major disaster.

n36b A list of the affected areas will be maintained and published by the Board. Such areas now include parts of Alabama, Florida, and Georgia.

(4) The consumer's need to obtain funds immediately shall be regarded as a bona fide personal financial emergency provided that the dwelling securing the extension of credit is located in an area declared during October 1994 to be a major disaster area, pursuant to 42 U.S.C. 5170, because of severe storms and flooding in Texas. n36c In this instance, creditors may use printed forms for the consumer to waive the right to rescind. This exemption to paragraph (e)(1) of this section shall expire one year from the date an area was declared a major disaster.

n36c A list of the affected areas will be maintained and published by the Board. Such areas now include the following counties in Texas: Angelina, Austin, Bastrop, Brazos, Brazoria, Burleson, Chambers, Fayette, Fort Bend, Galveston, Grimes, Hardin, Harris, Houston, Jackson, Jasper, Jefferson, Lee, Liberty, Madison, Matagorda, Montgomery, Nacagdoches, Orange, Polk, San Augustine, San Jacinto, Shelby, Trinity, Victoria, Washington, Waller, Walker, and Wharton.

(f) Exempt transactions. The right to rescind does not apply to the following:

(1) A residential mortgage transaction.

(2) A credit plan in which a state agency is a creditor.

**HISTORY:**
[Reg. Z, 46 FR 20892, Apr. 7, 1981, as amended at 54 FR 24688, June 9, 1989; 58 FR 40583, July 29, 1993; 59 FR 40204, Aug. 5, 1994; 59 FR 63715, Dec. 9, 1994; Reg. Z, 66 FR 17329, 17338, Mar. 30, 2001; Reg. Z, 66 FR 41439, 41440, Aug. 8, 2001]

**AUTHORITY:**
AUTHORITY NOTE APPLICABLE TO ENTIRE PART:
12 U.S.C. 3806; 15 U.S.C. 1604 and 1637(c)(5).

**NOTES:**
[EFFECTIVE DATE NOTE: 66 FR 17329, 17338, Mar. 30, 2001, revised the first sentence of the introductory text of paragraph (b), effective Mar. 30, 2001. "however, to allow time for any necessary operational changes, the mandatory compliance date is October 1, 2001;" 66 FR 41439, 41440, Aug. 8, 2001, lifted the mandatory compliance date of the amendment appearing at 66 FR 17329, 17338, Mar. 30, 2001.]
NOTES APPLICABLE TO ENTIRE TITLE:
CROSS REFERENCES: Farmers Home Administration: See Agriculture, 7 CFR, chapter XVIII.
Office of Assistant Secretary for Housing-Federal Housing Commissioner, Department of Housing and Urban Development: See Housing and Urban Development, 24 CFR, chapter II.
Fiscal Service: See Money and Finance: Treasury, 31 CFR, chapter II.
Monetary Offices: See Money and Finance: Treasury, 31 CFR, chapter I.
Commodity Credit Corporation: See Agriculture, 7 CFR, chapter XIV.
Small Business Administration: See Business Credit and Assistance, 13 CFR, chapter I.
Rural Electrification Administration: See Agriculture, 7 CFR, chapter XVII.

NOTES APPLICABLE TO ENTIRE PART:

[PUBLISHER'S NOTE: UNITED STATES SUPREME COURT CASES SIGNIFICANTLY DISCUSSING PART 226 -- Ford Motor Credit Co. v Milhollin (1980) 444 US 555, 63 L Ed 2d 22, 100 S Ct 790; Anderson Bros. Ford v Valencia (1981) 452 US 205, 68 L Ed 2d 783, 101 S Ct 2266; American Express Co. v Koerner (1981) 452 US 233, 68 L Ed 2d 803, 101 S Ct 2281]

1456 words

Source: Legal > Federal Legal - U.S. > CFR - Code of Federal Regulations - Selected Documents
TOC: Code of Federal Regulations > /.../ > SUBPART B-- OPEN-END CREDIT > § 226.15 Right of rescission.
Terms: 226 (Edit Search)
View: Full
Date/Time: Monday, December 6, 2004 - 3:02 PM EST

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Case 1:04-cv-11954-RCL    Document 5-5    Filed 12/13/2004    Page 7 of 16

Page 1 of 5

Search - 9 Results - 226.23

Source: Legal > Federal Legal - U.S. > CFR - Code of Federal Regulations - Selected Documents
TOC: Code of Federal Regulations > /.../ > SUBPART C-- CLOSED-END CREDIT > § 226.23 Right of rescission.
Terms: 226.23 (Edit Search)

*Select for FOCUS™ or Delivery

12 CFR 226.23

LEXIS PUBLISHING'S CODE OF FEDERAL REGULATIONS
Copyright  2004, LEXIS Publishing

\*\*\* THIS SECTION IS CURRENT THROUGH THE DECEMBER 2, 2004 ISSUE OF \*\*\*
\*\*\* THE FEDERAL REGISTER \*\*\*

TITLE 12 -- BANKS AND BANKING
CHAPTER II -- FEDERAL RESERVE SYSTEM
SUBCHAPTER A -- BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM
PART 226 -- TRUTH IN LENDING (REGULATION Z)
SUBPART C -- CLOSED-END CREDIT

12 CFR **226.23**

§ **226.23** Right of rescission.

   (a) Consumer's right to rescind. (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section. n47

n47 For purposes of this section, the addition to an existing obligation of a security interest in a consumer's principal dwelling is a transaction. The right of rescission applies only to the addition of the security interest and not the existing obligation. The creditor shall deliver the notice required by paragraph (b) of this section but need not deliver new material disclosures. Delivery of the required notice shall begin the rescission period.

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, n48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.

n48 The term "material disclosures" means the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total payments, the payment schedule, and the disclosures and limitations referred to in § 226.32 (c) and (d).

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b)(1) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be

on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(i) The retention or acquisition of a security interest in the consumer's principal dwelling.

(ii) The consumer's right to rescind the transaction.

(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(iv) The effects of rescission, as described in paragraph (d) of this section.

(v) The date the rescission period expires.

(2) Proper form of notice. To satisfy the disclosure requirements of paragraph (b)(1) of this section, the creditor shall provide the appropriate model form in Appendix H of this part or a substantially similar notice.

(c) Delay of creditor's performance. Unless a consumer waives the right of rescission under paragraph (e) of this section, no money shall be disbursed other than in escrow, no services shall be performed and no materials delivered until the rescission period has expired and the creditor is reasonably satisfied that the consumer has not rescinded.

(d) Effects of rescission. (1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

(2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

(3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.

(4) The procedures outlined in paragraphs (d) (2) and (3) of this section may be modified by court order.

(e) Consumer's waiver of right to rescind. (1) The consumer may modify or waive the right to rescind if the consumer determines that the extension of credit is needed to meet a bona fide personal financial emergency. To modify or waive the right, the consumer shall give the creditor a dated written statement that describes the emergency, specifically modifies or waives the right to rescind, and bears the signature of all the consumers entitled to rescind. Printed forms for this purpose are prohibited, except as provided in paragraph (e)(2) of this section.

(2) The need of the consumer to obtain funds immediately shall be regarded as a bona fide personal financial emergency provided that the dwelling securing the extension of credit is located in an area declared during June through September 1993, pursuant to 42 U.S.C. 5170, to be a major disaster area because of severe storms and flooding in the Midwest. n48a In this instance, creditors may use printed forms for the consumer to waive the right to rescind. This exemption to paragraph (e)(1) of this section shall expire one year from the date an area was declared a major disaster.

n48a A list of the affected areas will be maintained by the Board.

(3) The consumer's need to obtain funds immediately shall be regarded as a bona fide personal financial emergency provided that the dwelling securing the extension of credit is located in an area declared during June through September 1994 to be a major disaster area, pursuant to 42 U.S.C. 5170, because of severe storms and flooding in the South. n48b In this instance, creditors may use printed forms for the consumer to waive the right to rescind. This exemption to paragraph (e)(1) of this section shall expire one year from the date an area was declared a major disaster.

n48b A list of the affected areas will be maintained and published by the Board. Such areas now include parts of Alabama, Florida, and Georgia.

(4) The consumer's need to obtain funds immediately shall be regarded as a bona fide personal financial emergency provided that the dwelling securing the extension of credit is located in an area declared during October 1994 to be a major disaster area, pursuant to 42 U.S.C. 5170, because of severe storms and flooding in Texas. n48c In this instance, creditors may use printed forms for the consumer to waive the right to rescind. This exemption to paragraph (e)(1) of this section shall expire one year from the date an area was declared a major disaster.

n48c A list of the affected areas will be maintained and published by the Board. Such areas now include the following counties in Texas: Angelina, Austin, Bastrop, Brazos, Brazoria, Burleson, Chambers, Fayette, Fort Bend, Galveston, Grimes, Hardin, Harris, Houston, Jackson, Jasper, Jefferson, Lee, Liberty, Madison, Matagorda, Montgomery, Nacagdoches, Orange, Polk, San Augustine, San Jacinto, Shelby, Trinity, Victoria, Washington, Waller, Walker, and Wharton.

(f) Exempt transactions. The right to rescind does not apply to the following:

(1) A residential mortgage transaction.

(2) A refinancing or consolidation by the same creditor of an extension of credit already secured by the consumer's principal dwelling. The right of rescission shall apply, however, to the extent the new amount financed exceeds the unpaid principal balance, any earned unpaid finance charge on the existing debt, and amounts attributed solely to the costs of the refinancing or consolidation.

(3) A transaction in which a state agency is a creditor.

(4) An advance, other than an initial advance, in a series of advances or in a series of single-payment obligations that is treated as a single transaction under § 226.17(c)(6), if the notice required by paragraph (b) of this section and all material disclosures have been given to the consumer.

(5) A renewal of optional insurance premiums that is not considered a refinancing under § 226.20(a)(5).

(g) Tolerances for accuracy -- (1) One-half of 1 percent tolerance. Except as provided in paragraphs (g)(2) and (h)(2) of this section, the finance charge and other disclosures affected by the finance charge (such as the amount financed and the annual percentage rate) shall be considered accurate for purposes of this section if the disclosed finance charge:

(i) is understated by no more than 1/2 of 1 percent of the face amount of the note or $ 100, whichever is greater; or

(ii) is greater than the amount required to be disclosed.

(2) One percent tolerance. In a refinancing of a residential mortgage transaction with a new creditor (other than a transaction covered by § 226.32), if there is no new advance and no consolidation of existing loans, the finance charge and other disclosures affected by the finance charge (such as the amount financed and the annual percentage rate) shall be considered accurate for purposes of this section if the disclosed finance charge:

(i) is understated by no more than 1 percent of the face amount of the note or $ 100, whichever is

greater; or

(ii) is greater than the amount required to be disclosed.

(h) Special rules for foreclosures -- (1) Right to rescind. After the initiation of foreclosure on the consumer's principal dwelling that secures the credit obligation, the consumer shall have the right to rescind the transaction if:

(i) A mortgage broker fee that should have been included in the finance charge was not included; or

(ii) The creditor did not provide the properly completed appropriate model form in Appendix H of this part, or a substantially similar notice of rescission.

(2) Tolerance for disclosures. After the initiation of foreclosure on the consumer's principal dwelling that secures the credit obligation, the finance charge and other disclosures affected by the finance charge (such as the amount financed and the annual percentage rate) shall be considered accurate for purposes of this section if the disclosed finance charge:

(i) is understated by no more than $ 35; or

(ii) is greater than the amount required to be disclosed.

**HISTORY:**
[Reg. Z, 46 FR 20892, Apr. 7, 1981, as amended at 51 FR 45299, Dec. 18, 1986; 58 FR 40583, July 29, 1993; 59 FR 40204, Aug. 5, 1994; 59 FR 63714, 63715, Dec. 9, 1994; 60 FR 15471, Mar. 24, 1995; 61 FR 49237, 49246, Sept. 19, 1996; Reg. Z, 66 FR 17329, 17338, Mar. 30, 2001; Reg. Z, 66 FR 41439, 41440, Aug. 8, 2001]

**AUTHORITY:**
AUTHORITY NOTE APPLICABLE TO ENTIRE PART:
12 U.S.C. 3806; 15 U.S.C. 1604 and 1637(c)(5).

**NOTES:**
[EFFECTIVE DATE NOTE: 66 FR 17329, 17338, Mar. 30, 2001, revised the first sentence of paragraph (b)(1), effective Mar. 30, 2001. "however, to allow time for any necessary operational changes, the mandatory compliance date is October 1, 2001;" 66 FR 41439, 41440, Aug. 8, 2001, lifted the mandatory compliance date of the amendment appearing at 66 FR 17329, 17338, Mar. 30, 2001.]
NOTES APPLICABLE TO ENTIRE TITLE:
CROSS REFERENCES: Farmers Home Administration: See Agriculture, 7 CFR, chapter XVIII.
Office of Assistant Secretary for Housing-Federal Housing Commissioner, Department of Housing and Urban Development: See Housing and Urban Development, 24 CFR, chapter II.
Fiscal Service: See Money and Finance: Treasury, 31 CFR, chapter II.
Monetary Offices: See Money and Finance: Treasury, 31 CFR, chapter I.
Commodity Credit Corporation: See Agriculture, 7 CFR, chapter XIV.
Small Business Administration: See Business Credit and Assistance, 13 CFR, chapter I.
Rural Electrification Administration: See Agriculture, 7 CFR, chapter XVII.


NOTES APPLICABLE TO ENTIRE PART:
[PUBLISHER'S NOTE: UNITED STATES SUPREME COURT CASES SIGNIFICANTLY DISCUSSING PART 226 -- Ford Motor Credit Co. v Milhollin (1980) 444 US 555, 63 L Ed 2d 22, 100 S Ct 790; Anderson Bros. Ford v Valencia (1981) 452 US 205, 68 L Ed 2d 783, 101 S Ct 2266; American Express Co. v Koerner (1981) 452 US 233, 68 L Ed 2d 803, 101 S Ct 2281]

1878 words

Source:     Legal > Federal Legal - U.S. > **CFR - Code of Federal Regulations - Selected Documents**
TOC:        Code of Federal Regulations > /.../ > SUBPART C-- CLOSED-END CREDIT > **§ 226.23 Right of rescission.**
Terms:      **226.23**  (Edit Search)
View:       Full
Date/Time:  Monday, December 6, 2004 - 3:21 PM EST

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Search - 69 Results - 226
Case 1:04-cv-11954-RCL   Document 5-5   Filed 12/13/2004   Page 12 of 16
Page 1 of 3

Source: Legal > Federal Legal - U.S. > CFR - Code of Federal Regulations - Selected Documents
TOC: Code of Federal Regulations > /.../ > SUBPART D-- MISCELLANEOUS > § 226.28 Effect on State laws.
Terms: 226 (Edit Search)

⨀Select for FOCUS™ or Delivery

12 CFR 226.28

LEXIS PUBLISHING'S CODE OF FEDERAL REGULATIONS
Copyright  2004, LEXIS Publishing

\*\*\* THIS SECTION IS CURRENT THROUGH THE DECEMBER 2, 2004 ISSUE OF \*\*\*
\*\*\* THE FEDERAL REGISTER \*\*\*

TITLE 12 -- BANKS AND BANKING
CHAPTER II -- FEDERAL RESERVE SYSTEM
SUBCHAPTER A -- BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM
PART 226 -- TRUTH IN LENDING (REGULATION Z)
SUBPART D -- MISCELLANEOUS

12 CFR 226.28

§ 226.28 Effect on State laws.

   (a) Inconsistent disclosure requirements. (1) Except as provided in paragraph (d) of this section, state law requirements that are inconsistent with the requirements contained in chapter 1 (General Provisions), chapter 2 (Credit Transactions), or chapter 3 (Credit Advertising) of the act and the implementing provisions of this regulation are preempted to the extent of the inconsistency. A State law is inconsistent if it requires a creditor to make disclosures or take actions that contradict the requirements of the Federal law. A State law is contradictory if it requires the use of the same term to represent a different amount or a different meaning than the Federal law, or if it requires the use of a term different from that required in the Federal law to describe the same item. A creditor, state, or other interested party may request the Board to determine whether a State law requirement is inconsistent. After the Board determines that a state law is inconsistent, a creditor may not make disclosures using the inconsistent term or form.

   (2)(i) State law requirements are inconsistent with the requirements contained in sections 161 (Correction of billing errors) or 162 (Regulation of credit reports) of the Act and the implementing provisions of this regulation and are preempted if they provide rights, responsibilities, or procedures for consumers or creditors that are different from those required by the Federal law. However, a State law that allows a consumer to inquire about an open-end credit account and imposes on the creditor an obligation to respond to such inquiry after the time allowed in the Federal law for the consumer to submit written notice of a billing error shall not be preempted in any situation where the time period for making written notice under this regulation has expired. If a creditor gives written notice of a consumer's rights under such State law, the notice shall state that reliance on the longer time period available under state law may result in the loss of important rights that could be preserved by acting more promptly under Federal law; it shall also explain that the state law provisions apply only after expiration of the time period for submitting a proper written notice of a billing error under the Federal law. If the state disclosures are made on the same side of a page as the required Federal disclosures, the state disclosures shall appear under a demarcation line below the Federal disclosures, and the Federal disclosures shall be identified by a heading indicating that they are made in compliance with Federal law.

   (ii) State law requirements are inconsistent with the requirements contained in chapter 4 (Credit billing) of the Act (other than section 161 or 162) and the implementing provisions of this regulation and are preempted if the creditor cannot comply with State law without violating Federal law.

   (iii) A State may request the Board to determine whether its law is inconsistent with chapter 4 of the

Act and its implementing provisions.

(b) Equivalent disclosure requirements. If the Board determines that a disclosure required by state law (other than a requirement relating to the finance charge, annual percentage rate, or the disclosures required under § 226.32) is substantially the same in meaning as a disclosure required under the act or this regulation, creditors in that state may make the state disclosure in lieu of the federal disclosure. A creditor, State, or other interested party may request the Board to determine whether a State disclosure is substantially the same in meaning as a Federal disclosure.

(c) Request for determination. The procedures under which a request for a determination may be made under this section are set forth in appendix A.

(d) Special rule for credit and charge cards. State law requirements relating to the disclosure of credit information in any credit or charge card application or solicitation that is subject to the requirements of section 127(c) of chapter 2 of the act (§ 226.5a of the regulation) or in any renewal notice for a credit or charge card that is subject to the requirements of section 127(d) of chapter 2 of the act (§ 226.9(e) of the regulation) are preempted. State laws relating to the enforcement of section 127 (c) and (d) of the act are not preempted.

**HISTORY:**
[Reg. Z, 46 FR 20892, Apr. 7, 1981, as amended at 54 FR 13867, Apr. 6, 1989; 54 FR 32954, Aug. 11, 1989; 60 FR 15471, Mar. 24, 1995]

**AUTHORITY:**
AUTHORITY NOTE APPLICABLE TO ENTIRE PART:
12 U.S.C. 3806; 15 U.S.C. 1604 and 1637(c)(5).

**NOTES:**
NOTES APPLICABLE TO ENTIRE TITLE:
CROSS REFERENCES: Farmers Home Administration: See Agriculture, 7 CFR, chapter XVIII.
Office of Assistant Secretary for Housing-Federal Housing Commissioner, Department of Housing and Urban Development: See Housing and Urban Development, 24 CFR, chapter II.
Fiscal Service: See Money and Finance: Treasury, 31 CFR, chapter II.
Monetary Offices: See Money and Finance: Treasury, 31 CFR, chapter I.
Commodity Credit Corporation: See Agriculture, 7 CFR, chapter XIV.
Small Business Administration: See Business Credit and Assistance, 13 CFR, chapter I.
Rural Electrification Administration: See Agriculture, 7 CFR, chapter XVII.

NOTES APPLICABLE TO ENTIRE PART:
[PUBLISHER'S NOTE: UNITED STATES SUPREME COURT CASES SIGNIFICANTLY DISCUSSING PART 226 -- Ford Motor Credit Co. v Milhollin (1980) 444 US 555, 63 L Ed 2d 22, 100 S Ct 790; Anderson Bros. Ford v Valencia (1981) 452 US 205, 68 L Ed 2d 783, 101 S Ct 2266; American Express Co. v Koerner (1981) 452 US 233, 68 L Ed 2d 803, 101 S Ct 2281]

724 words

Source: Legal > Federal Legal - U.S. > CFR - Code of Federal Regulations - Selected Documents
TOC: Code of Federal Regulations > /.../ > SUBPART D-- MISCELLANEOUS > § 226.28 Effect on State laws.
Terms: 226 (Edit Search)
View: Full
Date/Time: Monday, December 6, 2004 - 3:03 PM EST

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Search - 2 Results - 226.29

Case 1:04-cv-11954-RCL    Document 5-5    Filed 12/13/2004    Page 15 of 16

Page 1 of 2

Source: Legal > Federal Legal - U.S. > CFR - Code of Federal Regulations - Selected Documents
TOC: Code of Federal Regulations > /.../ > SUBPART D-- MISCELLANEOUS > § 226.29 State exemptions.
Terms: 226.29  (Edit Search)

⇩Select for FOCUS™ or Delivery

12 CFR 226.29

LEXIS PUBLISHING'S CODE OF FEDERAL REGULATIONS
Copyright    2004, LEXIS Publishing

\*\*\* THIS SECTION IS CURRENT THROUGH THE DECEMBER 2, 2004 ISSUE OF \*\*\*
\*\*\* THE FEDERAL REGISTER \*\*\*

TITLE 12 -- BANKS AND BANKING
CHAPTER II -- FEDERAL RESERVE SYSTEM
SUBCHAPTER A -- BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM
PART 226 -- TRUTH IN LENDING (REGULATION Z)
SUBPART D -- MISCELLANEOUS

12 CFR **226.29**

§ **226.29** State exemptions.

   (a) General rule. Any State may apply to the Board to exempt a class of transactions within the State from the requirements of chapter 2 (Credit transactions) or chapter 4 (Credit billing) of the Act and the corresponding provisions of this regulation. The Board shall grant an exemption if it determines that:

(1) The State law is substantially similar to the Federal law or, in the case of chapter 4, affords the consumer greater protection than the Federal law; and

(2) There is adequate provision for enforcement.

(b) Civil liability. (1) No exemptions granted under this section shall extend to the civil liability provisions of sections 130 and 131 of the Act.

(2) If an exemption has been granted, the disclosures required by the applicable State law (except any additional requirements not imposed by Federal law) shall constitute the disclosures required by this Act.

(c) Applications. The procedures under which a State may apply for an exemption under this section are set forth in appendix B.

**HISTORY:**
[46 FR 20892, Apr. 7, 1981; 46 FR 29246, June 1, 1981]

**AUTHORITY:**
AUTHORITY NOTE APPLICABLE TO ENTIRE PART:
12 U.S.C. 3806; 15 U.S.C. 1604 and 1637(c)(5).

**NOTES:**
NOTES APPLICABLE TO ENTIRE TITLE:
CROSS REFERENCES: Farmers Home Administration: See Agriculture, 7 CFR, chapter XVIII.
Office of Assistant Secretary for Housing-Federal Housing Commissioner, Department of Housing and Urban Development: See Housing and Urban Development, 24 CFR, chapter II.
Fiscal Service: See Money and Finance: Treasury, 31 CFR, chapter II.
Monetary Offices: See Money and Finance: Treasury, 31 CFR, chapter I.

Commodity Credit Corporation: See Agriculture, 7 CFR, chapter XIV.
Small Business Administration: See Business Credit and Assistance, 13 CFR, chapter I.
Rural Electrification Administration: See Agriculture, 7 CFR, chapter XVII.

NOTES APPLICABLE TO ENTIRE PART:
[PUBLISHER'S NOTE: UNITED STATES SUPREME COURT CASES SIGNIFICANTLY DISCUSSING PART 226 -- Ford Motor Credit Co. v Milhollin (1980) 444 US 555, 63 L Ed 2d 22, 100 S Ct 790; Anderson Bros. Ford v Valencia (1981) 452 US 205, 68 L Ed 2d 783, 101 S Ct 2266; American Express Co. v Koerner (1981) 452 US 233, 68 L Ed 2d 803, 101 S Ct 2281]

172 words

Source:    Legal > Federal Legal - U.S. > CFR - Code of Federal Regulations - Selected Documents
TOC:    Code of Federal Regulations > /.../ > SUBPART D-- MISCELLANEOUS > § 226.29 State exemptions.
Terms:    226.29 (Edit Search)
View:    Full
Date/Time:    Monday, December 6, 2004 - 3:22 PM EST

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.