# THE LAW OF TRUTH IN LENDING

Ralph J. Rohner



WARREN, GORHAM & LAMONT

parents allow a child to live in their home but the parents want to retain control through ownership until they die, or where there is a long-term lease with an option to purchase, but the rule is that a leasehold interest is not enough. Less clear but arguably also excluded are marital interests created in a spouse under state law, whether dower or a similar interest.[157] The ownership interest that generates the right of rescission essentially means a fee interest.[158]

## [2] Consequences of Failure to Trigger the Right of Rescission

[a] **Continuance of the Right.** The period within which the consumer may exercise the right to rescind runs for three business days from the last of the three events of consummation of the credit transaction, delivery of all material disclosures, and delivery to the consumer of the required rescission notice.[159] Normally no problems occur with respect to consummation or delivery of the rescission notice. Most problems that have arisen, and no doubt will continue to arise, come from the material disclosure requirement.

For example, suppose the creditor makes a significant mathematical error in the disclosure of the amount of the finance charge, or neglects to include a charge legally required to be included as a part of the finance charge. This will constitute a failure to provide a material disclosure,[160] the three-day rescission period will not commence, and thus the right to rescind will not expire three days later. Indeed, it will not expire until three business days after the *correct* disclosure is finally provided, or until the earlier of three years after consummation or the transfer of all of the consumer's interest in the property.[161]

---

[156] Commentary ¶ 226.2(a)(11)-2 states an ownership interest does not include a leasehold.

[157] Commentary ¶ 226.2(a)(11)-2 states inchoate rights, such as dower, are not included.

[158] See note 155, supra.

[159] Regulation Z §§ 226.15(a)(3), 226.23(a)(3). Commentary ¶¶ 226.15(a)(3)-1, 226.23(a)(3)-1.

[160] Regulation Z § 226.23(a)(3), n.48. The comparable error in open-end credit would be less likely to occur, since material disclosures in that context do not involve amounts for the most part but rather only descriptions of methods of determining amounts. Nonetheless, mistakes as to what the law requires in those descriptions are both possible and probable, since there are no model forms and few model clauses for open-end credit.

[161] Regulation Z §§ 226.15(a)(3), 226.23(a)(3). Commentary ¶¶ 226.15(a)(3)-4, 226.23(a)(3)-3. There is a further possibility if any administrative agency empowered to enforce the TIL law has begun a proceeding to enforce the right to rescind within three years of the date of consummation of the transaction. If the agency finds a violation and a particular consumer's right to rescind is based in whole or in part on a

Arguably, "involuntary transfer" would include the institution of a liquidation bankruptcy proceeding where all legal or equitable interests of the debtor in property become property of the estate for distribution to creditors, but not if the debtor exempts his equity and not in a Chapter 13 proceeding, where liquidation is not contemplated.[169] In any event, this is the practical result of the cases, whether the analysis is that a transfer occurs in bankruptcy through which the debtor loses the right or, instead, that the debtor may not exercise the right to rescind without tender of the benefit provided by the creditor which, due to bankruptcy, is no longer possible.[170]

It is not uncommon to find a right of rescission under state law similar to that accorded by the federal statute.[171] In some instances that right, like the initial version of the federal law, may have no express statute of limitations.[172] Such a variation may not "contradict" the federal rule so as to be preempted.[173] Accordingly, even though the federal right of rescission may have terminated through the passage of time,[174] a state-granted right of rescission may well still exist.

**[b] Damages.** The same failure to provide all material disclosures that allows the right of rescission to continue may also give rise to another sanction, and that is a recovery of damages for the failure to provide the disclosures TIL requires with every consumer credit transaction or plan. Any creditor who fails to provide those disclosures may be liable in a civil action for the sum of any actual damages, damages measured without regard to actual damage, and, in a successful action to enforce the liability, the costs of the action together with a reasonable attorney's fee.[175]

---

[168] But see Parks v. First S. Homeowners Co., note 165, supra.

[169] 11 USC §§ 541, 1306.

[170] See, e.g., La Grone v. Johnson, 534 F2d 1360 (9th Cir. 1976) (tender required because of bankruptcy); In re Pitre, 11 Bankr. 777 (Bankr. N.D. Ill. 1981) (a debtor in a straight bankruptcy may not rescind); Wright v. Credithrift of Am., Inc., 11 Bankr. 590 (Bankr. S.D. Miss. 1981) (no tender is necessary to rescind in a Chapter 13 proceeding even where exercise of the right will render creditor powerless to collect the debt).

[171] See, e.g., Uniform Consumer Credit Code § 5.204 (1969).

[172] Id.

[173] Regulation Z § 226.28(a)(1); Commentary ¶ 226.28(a)-3.

[174] This occurs three years after the right arises. Regulation Z §§ 226.15(a)(3), 226.23(a)(3). Thus, an attempt to rescind after four years is too late. Christian v. Atlanta Army Depot Fed. Credit Union, 151 Ga. App. 403, 260 SE2d 533 (1979). Moreover, the running of the three-year period extinguishes the substantive right itself. Jamerson v. Miles, 421 F. Supp. 107 (N.D. Tex. 1976).

[175] 15 USC § 1640(a). In connection with either open-end credit or closed-end credit, any noncompliance that will continue the right of rescission also will generate civil liability. This civil liability has several defenses, however, including a shorter



¶ 8.03[2][a]    THE LAW OF TRUTH IN LENDING    8-34

A transfer of part of the consumer's interest in the property, such as bestowing co-ownership on a spouse, does not terminate the right of rescission. But an outright sale does terminate the right, even if the consumer retains or takes back legal title through a purchase-money security interest.[162] A transfer by gift or upon death will terminate the right.[163] In *Rineer v. Bank of the North Shore*,[164] the buyers of a motor home gave a second mortgage on their principal residence to restrain seller's repossession of the vehicle after default, but the seller never delivered a notice of the right to rescind. Later the consumers returned the motor home to the seller, who sold it and claimed a deficiency against the consumers' home. The consumers asserted a right to rescind the mortgage. The court held that when the consumers transferred all interest in the vehicle to the creditor, their right to rescind expired. The problem with the decision is that it is a transfer of the *home* that ends the right to rescind, and that did not occur.

Finally, even an involuntary transfer will terminate the right. Certainly a foreclosure of the mortgage and sale of the property is included,[165] although the right should not be considered lost until the expiration of the period for redemption from the mortgage.[166] However, in those states that also have statutory redemption from foreclosure sale,[167] it is possible that by that time the right is lost, because the mortgage transaction itself has already been foreclosed. Nonetheless, one could argue in both instances that the right should continue if the mortgagee is the purchaser, until a sale to an independent third party.[168]

---

matter involved in that proceeding, then the right to rescind will continue for one year following the conclusion of the proceeding or any judicial review or period for judicial review thereafter, even if three years has expired earlier.

[162] Commentary ¶¶ 226.15(a)(3)-4, 226.23(a)(3)-3. The Commentary literally mentions only taking back legal title by a purchase-money mortgage, but keeping legal title by a long-term contract for deed should not produce a different result, since such transactions by case law or statute in many states are treated as the equivalent of a mortgage. See, e.g., Okla. Stat. tit. 16, § 11A (1981).

[163] Commentary ¶¶ 226.15(a)(3)-4, 226.23(a)(3)-3. This changes prior law, which determined that an heir could rescind. James v. Home Constr. Co., 621 F2d 727 (5th Cir. 1980).

[164] 5 CCH-CCG ¶ 96,801 (N.D. Ill. 1982).

[165] Commentary ¶¶ 226.15(a)(3)-4, 226.23(a)(3)-3. See also Parks v. First S. Homeowners Co., 5 CCH-CCG ¶ 97,725 (M.D. Ga. 1979) (even if mortgagee is the purchaser, the right of rescission terminates).

[166] At the latest, this would be upon confirmation of sale by the court and delivery of the deed to the purchaser. It might occur earlier, however, such as upon acceptance of the bid ending the sale or in accordance with a court order specifying a period for redemption terminating prior to sale. See, e.g., G. Osborne, *Mortgages* §§ 303, 306 (2d ed. 1970).

[167] Redemption from sale is discussed and distinguished from redemption from the mortgage in G. Osborne, note 166, supra, at §§ 307–309.

# THE LAW OF TRUTH IN LENDING

## 1989 Cumulative Supplement

Ralph J. Rohner

Fred H. Miller

John H. Mancuso



WARREN, GORHAM & LAMONT



¶ 8.03[1][d]   THE LAW OF TRUTH IN LENDING                S8-20

would render it nugatory under state law, was there any right to rescind at all? Perhaps, since the creditor was the home improvement contractor, a mechanic's lien would provide the necessary security interest.

**Page 8-30:**

*Add at end of note 142.*

But see Steele v. Ford Motor Credit Corp., 783 F2d 1016 (11th Cir. 1986) (in second mortgage transaction, finance charge error of $24 was material).

### [d] Persons Due Notice and Disclosures

**Page 8-31:**

*Add at end of note 149.*

See ¶ 8.03[1][c] note 132, supra, this Supplement.

**Page 8-32:**

*Add note 152.1 at end of sixth complete sentence in runover paragraph.*

[152.1] See Crevier v. Welfare & Pension Fund for Local 701, 820 F2d 1553 (9th Cir. 1987), where bankrupts obtained a loan secured by their principal dwelling while it was property of the bankruptcy estate. Their rescission claim failed.

### [2] Consequences of Failure to Trigger the Right of Rescission

#### [a] Continuance of the Right

**Page 8-33:**

*Add at end of note 159.*

See Murphy v. Empire of Am., FSA, 746 F2d 931 (2d Cir. 1984). The TIL disclosures were given along with a commitment letter, which under the facts and state law created a binding contract; notice of the right to rescind was then given a few days later. The court determined that the right had expired three business days after this last event in early December and thus an attempt to rescind in late January was too late.

*Add note 159.1 at end of second sentence in first paragraph.*

[159.1] But see Williamson v. Lafferty, 698 F2d 767 (5th Cir. 1983) (failure to fill in expiration date on rescission notices extended consumer's time to

S8-21          1989 CUMULATIVE SUPPLEMENT          ¶ 8.03[2][a]

rescind). To the same effect, see Semar v. Platte Valley Fed. Sav. and Loan Ass'n, 791 F2d 699 (9th Cir. 1986) and other cases discussed at ¶ 8.03[1][b], supra this Supplement.

*Add at end of note 160.*

Cf. Schmidt v. Citibank (South Dakota) N.A., 677 F. Supp. 687 (D. Conn. 1987) (not a rescission case but one disclosure error was a material one).

*Add at end of note 161.*

Thus, an attempt to rescind seven years after consummation comes too late. Moor v. Travelers Ins. Co., 784 F2d 632 (5th Cir. 1986). See also note 174, infra at ¶ 8.03[2][a].
    A court could conceivably extend the period for offensive assertion of rescission rights beyond three years if the creditor were guilty of fraudulent concealment of the consumer's rights. Cf. Bokros v. Associates Fin., Inc., 607 F. Supp. 869 (N.D. Ill. 1984), where the court recognized the "fraudulent concealment" principle but found it inapplicable on the facts presented because the obligation was then held by an innocent assignee in whose favor the three-year statute had run. This part of the decision seems dubious against the flat rule of TIL Act § 131(c), 15 USC § 1641(c). In addition, two courts have found that a consumer may assert a time-barred right of rescission defensively, as a matter of recoupment against the creditor's foreclosure action, even past the usual three-year cutoff point. Dawe v. Merchants Mortgage & Trust Corp., 683 P2d 796 (Colo. 1984); Federal Deposit Ins. Corp. v. Ablin, 532 NE2d 379 (Ill. App. Ct. 1988). But if rescission can be used in recoupment when it is otherwise time-barred by the three-year cutoff point, why cannot it be similarly used when it is barred by the three-*day* cutoff point? The absurdity of the latter example points out the fallacy of the former. Moreover, when Congress revised TIL Act § 130(e), it dealt only with the use of generic TIL violations, not rescission claims, in recoupment. On the assertion of TIL claims generally as recoupment beyond the statute of limitations, see ¶ 12.05[4][b], main volume and this Supplement.
    In cases where the creditor attempts to evade the right of rescission or bypass the debtor's right to redeem and perhaps attempts to bypass usury laws as well, it is clear that the transaction itself does not constitute a transfer of all the consumer's interest in the property. See cases cited at ¶ 8.02[1][b] note 50, supra this Supplement.

**Page 8-34:**

*Add at end of note 162.*

On the other hand, a debtor's sale of one part of a large tract while retaining ownership of another part on which the debtor lives does not bring the right of rescission to an end. Paglia v. Elliott, 373 NW2d 121 (Iowa 1985).

