# FEDERAL PRACTICE AND PROCEDURE

WRIGHT and MILLER

FEDERAL RULES OF CIVIL PROCEDURE

17

places the burden on the plaintiff to negate the defense of statute of limitations rather than on the defendant to plead it.[9] It also seems inconsistent with the decisions of the Supreme Court—the most recent of which was decided after the cases under discussion—indicating that federal courts are not free to employ special pleading rules that are not provided for in the federal rules.[10] The better approach is to permit the defendant to raise the defense of statute of limitations on a motion to dismiss when the complaint reveals on its face that the suit is time-barred, and on a summary judgment motion when it does not.[11]

## § 1277. Raising Affirmative Defenses by Motion

Numerous cases, a representative sample of which are set forth in the note below, state that the affirmative defenses specifically listed in Federal Rule 8(c), as well as those captured by the catchall clause at the end of that subdivision, and any other defense that is not specified in Rule 12(b), must be asserted in the defendant's answer; as a result of these precedents, most defensive matters cannot be the basis for a motion to dismiss the plaintiff's complaint,[1] to vacate an attachment,[2] or to strike a portion of the

---

**9. Violates Rule 8(c)**

Tregenza v. Great American Communications Co., C.A.7th, 1993, 12 F.3d 717, certiorari denied 114 S.Ct. 1837, 511 U.S. 1085, 128 L.Ed.2d 465.

**10. Supreme Court decisions**

See the discussion of these cases in §§ 1216 and 1221.

**11. Better approach**

Harris v. City of New York, C.A.2d, 1999, 186 F.3d 243, **citing Wright & Miller.**

### § 1277

**1. Motion to dismiss**

Swierkiewicz v. Sorema, N.A., 2002, 122 S.Ct. 992, 534 U.S. 506, 152 L.Ed.2d 1.

Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 1993, 113 S.Ct. 1160, 507 U.S. 163, 122 L.Ed.2d 517.

Deckard v. General Motors Corp., C.A.7th, 2002, 307 F.3d 556 (existence of defense does not undercut adequacy of claim).

Sibert v. Phelan, D.C.N.J.1995, 901 F.Supp. 183.

In re Jackson Lockdown/MCO Cases, D.C.Mich.1983, 568 F.Supp. 869, 886, **citing Wright & Miller.**

The claim of privilege as a defense to a suit for libel or slander cannot be raised by a motion to dismiss but is an issue for determination by the jury and should be affirmatively pleaded as a defense. Drummond v. Spero, D.C.Vt.1972, 350 F.Supp. 844.

Local 149, Boot & Shoe Workers Union, AFL–CIO v. Faith Shoe Co., D.C.Pa. 1962, 201 F.Supp. 234, 238.

Syracuse Broadcasting Co. v. Newhouse, D.C.N.Y.1953, 14 F.R.D. 168.

The test of what is an affirmative defense seems to be whether the objection can be taken on a motion to dismiss; if not, then it must be taken by way of an affirmative defense. McGowan v. Lehigh Valley R. Co., D.C.N.Y.1942, 3 F.R.D. 479.

---

2. See note 2 on page 627.

Eberle v. Sinclair Prairie Oil Co., D.C.Okl.1940, 35 F.Supp. 296, affirmed C.A.10th, 1941, 120 F.2d 746, 135 A.L.R. 1494.

**Failure of consideration**

Carl Gutmann & Co. v. Rohrer Knitting Mills, Inc., D.C.Pa.1949, 86 F.Supp. 506 (alternative holding).

**Fair comment and privilege**

Olan Mills, Inc. v. Enterprise Pub. Co., C.A.5th, 1954, 210 F.2d 895 (privilege).

Christopher v. American News Co., C.A.7th, 1948, 171 F.2d 275 (fair comment and privilege).

**Release**

The defendants could not by way of an affidavit in support of a motion to dismiss an action on an insurance policy assert new matter purporting to show a novation and release since such matters are properly interposed in an answer and cannot be availed of upon a motion to dismiss under Rule 12(b). Kuhn v. Pacific Mut. Life Ins. Co., D.C.N.Y.1941, 37 F.Supp. 102.

**Estoppel**

Res judicata, estoppel, or any other matter constituting an avoidance or "affirmative defense" must be affirmatively pleaded. Zeligson v. Hartman–Blair, Inc., C.A.10th, 1943, 135 F.2d 874.

In an action to recover additional compensation, the issue whether the plaintiff was estopped to recover because of his receipt of compensation without protest may not be decided on a motion to dismiss under Rule 12(b)(6) when the complaint did not show that compensation was received without objection. Under Rule 8(c) the defendant must answer the complaint and plead this issue before it may be heard. Cohen v. U.S., C.A.8th, 1942, 129 F.2d 733.

**Res judicata**

Allegations in a licensee's answer and counterclaim, in a suit to recover royalties on the ground of fraud, that it was compelled to execute license agreements by a decree in prior litigation enjoining its use of devices covered by agreements did not entitle the licensor to raise, by motion to strike or dismiss, an issue as to the licensor's title to devices being res judicata. Hartford–Empire Co. v. Glenshaw Glass Co., D.C.Pa.1942, 47 F.Supp. 711, 716, 717.

Stoddard v. Morrin, D.C.D.C.1942, 8 F.R.D. 375.

**Statute of limitations**

Bethel v. Jendoco Constr. Corp., C.A.3d, 1978, 570 F.2d 1168.

Kerby v. Commodity Resources Inc., D.C.Colo.1975, 395 F.Supp. 786.

EEOC v. Continental Oil Co., D.C.Colo. 1975, 393 F.Supp. 167.

Sargent v. Genesco, Inc., D.C.Fla.1972, 352 F.Supp. 66, affirmed in part, reversed in part on other grounds C.A.5th, 1974, 492 F.2d 750.

**See also**

Rambur v. Diehl Lumber Co., 1964, 394 P.2d 745, 144 Mont. 84.

**Waiver of objection to motion**

If the plaintiff argues the merits of a motion to dismiss that raised an affirmative defense, he waives his right to contend that the matter should have been pleaded by answer rather than asserted by motion. Dow v. Shoe Corp. of America, C.A.7th, 1960, 276 F.2d 165. Presumably, the court could deny the motion, regardless of a waiver by the plaintiff, if it felt it lacked sufficient facts to pass on the defense when made in motion form.

**Not on court's own motion**

Schreiber v. Allis–Chalmers Corp., D.C.Kan.1978, 448 F.Supp. 1079, reversed on other grounds C.A.10th, 1979, 611 F.2d 790.

**2. Motion to vacate attachment**

In Richard Nathan Corp. v. Mitsubishi Shoji Kaisha, Ltd., D.C.N.Y.1941, 41 F.Supp. 299, the court held that the

complaint.³ The Third Circuit and several other federal courts, however, seem to follow the rule that all affirmative defenses may be presented by these motions.⁴ However, the failure to raise an affirmative defense by motion will not result in a waiver as long as it is interposed in the answer.

statute of frauds is an affirmative defense and the plaintiff need not rebut it on the defendant's motion to vacate an attachment for insufficiency of affidavits upon which the writs were issued.

**3. Motion to strike**

Jordan v. Fox, Rothschild, O'Brien & Frankel, D.C.Pa.1992, 787 F.Supp. 471 (qualified immunity), vacated on other grounds C.A.3d, 1994, 20 F.3d 1250.

Klages v. Cohen, D.C.N.Y.1947, 7 F.R.D. 216.

**4. Third Circuit rule**

The defense of res judicata may be raised by a motion to dismiss or by an answer. Williams v. Murdoch, C.A.3d, 1964, 330 F.2d 745.

A defense such as res judicata may be raised either by a motion to dismiss or in the answer. Hartmann v. Time, Inc., C.A.3d, 1947, 166 F.2d 127, 131 n. 3, 1 A.L.R.2d 370, certiorari denied 68 S.Ct. 1495, 334 U.S. 838, 92 L.Ed. 1763.

Continental Collieries, Inc. v. Shober, C.A.3d, 1942, 130 F.2d 631 (statute of frauds).

Katz v. Connecticut, D.C.Conn.1969, 307 F.Supp. 480, affirmed per curiam C.A.2d, 1970, 433 F.2d 878 (res judicata).

Smith v. Pittsburgh Gage & Supply Co., D.C.Pa.1967, 270 F.Supp. 192, reversed on other grounds C.A.3d, 1968, 388 F.2d 983 (res judicata).

Schetter v. U.S., D.C.Pa.1956, 136 F.Supp. 931, contains an extensive list of cases adopting the Third Circuit's position.

White v. American Barge Lines, D.C.Pa. 1955, 127 F.Supp. 637 (limitations).

**Fifth Circuit**

The Fifth Circuit takes the view that an affirmative defense can be raised by a summary judgment motion when that is the first response to the plaintiff's complaint. U.S. v. Burznski Cancer Research Institute, C.A.5th, 1987, 819 F.2d 1301; Funding Sys. Leasing Corp. v. Pugh, C.A.5th, 1976, 530 F.2d 91, 96.

**See also**

Livingston School Dist. Nos. 4 & 1 v. Keenan, C.A.9th, 1996, 82 F.3d 912.

Polsby v. Chase, C.A.4th, 1992, 970 F.2d 1360, certiorari granted, judgment vacated and remanded without opinion in light of the position asserted by the Acting Solicitor General 1993, 113 S.Ct. 1940, 507 U.S. 1048, 123 L.Ed.2d 646.

Radio Corp. of America v. Radio Station KYFM, Inc., C.A.10th, 1970, 424 F.2d 14.

Rose Barge Line, Inc. v. Hicks, C.A.8th, 1970, 421 F.2d 163.

Bayou Fleet, Inc. v. Alexander, D.C.La. 1998, 26 F.Supp.2d 894, **citing Wright & Miller.**

King v. Mordowanec, D.C.R.I.1969, 46 F.R.D. 474, 480.

Nichols v. Alker, D.C.N.Y.1954, 126 F.Supp. 679, affirmed C.A.2d, 1956, 231 F.2d 68, certiorari denied 77 S.Ct. 42, 352 U.S. 829, 1 L.Ed.2d 51.

American States Ins. Co. v. Williams, 1972, 278 N.E.2d 295, 298, 151 Ind. App. 99, **citing Wright & Miller.**

The rule against raising defenses by motion is based on the view that motions to dismiss or to strike cannot be used to resolve disputed fact questions, and that courts should avoid "little trials" on the pleadings because under federal practice the pleadings are designed merely to provide notice of the respective claims and defenses of the adversaries.[5] Since the facts necessary to establish an affirmative defense generally must be shown by matter outside the complaint, the defense technically cannot be adjudicated on a motion under Rule 12. According to this conception, motions to dismiss or to strike only can attack matters appearing on the face of the complaint;[6] new defensive material therefore must be raised by answer.

In practice, even those federal courts purporting to follow the rule against raising defenses by motion often tend to reach the same result as does the Third Circuit. Many courts permit affirmative defenses to be asserted by motion even when the defenses are not available on the face of the complaint. This is especially true as to those affirmative defenses that seem likely to dispose of the entire case or a significant portion of the case and defenses that require no factual inquiry for their adjudication. In situations such as these, the federal courts appear to be wise in overlooking the formal distinctions between affirmative defenses and motions, which have their primary justification in history rather than logic.

**5. Avoid "little trials"**

FDIC v. Deloitte & Touche, D.C.Ark. 1992, 834 F.Supp. 1129.

See also

Williams v. Nash, Ala.1983, 428 So.2d 96, 100, **citing Wright & Miller.**

**6. Face of complaint**

Wyatt v. Terhune, C.A.9th, 2002, 280 F.3d 1238.

Since there were disputes as to the scope of the claims previously litigated, and there was no reference in the complaint to the previous proceedings, the defense of res judicata did not appear on the face of the complaint, and it therefore was inappropriate to raise it in a motion to dismiss. Houbigant, Inc. v. Development Specialists, Inc., D.C.N.Y.2002, 229 F.Supp.2d 208.

Arnold v. Janssen Pharmaceutica, Inc., D.C.Ill.2002, 215 F.Supp.2d 951.

Eniola v. Leasecomm Corp., D.C.Md. 2002, 214 F.Supp.2d 520 (if expiration of statute of limitations is apparent on face of complaint, then complaint fails to state claim upon which relief can be granted).

Mangan v. Rumo, D.C.Me.2002, 209 F.R.D. 29.

Straight Arrow Prods., Inc. v. Conversion Concepts, Inc., D.C.Pa.2001, 2001 WL 1530637.

Official Committee of Unsecured Creditors of Color Tile, Inc. v. Investcorp S.A., D.C.N.Y.1999, 80 F.Supp.2d 129, **citing Wright & Miller.**

Mustfov v. Rice, D.C.Ill.1987, 663 F.Supp. 1255, 1260, **citing Wright & Miller.**

See also

Beckman v. Chamberlain, Mont.1983, 673 P.2d 480, 482, **citing Wright & Miller.**

§ 1277   PLEADING—AFFIRMATIVE DEFENSES   Ch. 4
Rule 8

Obviously, as many cases make clear, on a motion for summary judgment district courts may consider evidence beyond the pleadings bearing on a defendant's challenge to a claim for relief that falls within the scope of the Rule 8(c) affirmative defenses.[7] In

---

**7. Summary judgment**

A.C. Aukerman Co. v. R.L. Chaides Constr. Co., C.A.Fed., 1992, 960 F.2d 1020 (laches).

Funding Sys. Leasing Corp. v. Pugh, C.A.5th, 1976, 530 F.2d 91, 96, **citing Wright & Miller.**

Affirmative defenses, even though not appearing on the face of the complaint, may be established upon a motion to dismiss or for summary judgment when, by affidavits, depositions, and admissions, a set of undisputed facts is revealed upon which the moving party is entitled to judgment as a matter of law. Suckow Borax Mines Consol., Inc. v. Borax Consol., Ltd., C.A.9th, 1950, 185 F.2d 196, 205, certiorari denied 71 S.Ct. 506, 340 U.S. 943, 95 L.Ed. 680.

Cornell v. Council of Unit Owners Hawaiian Village Condominiums, Inc., D.C.Md.1997, 983 F.Supp. 640 (affirmative defense allowed).

Boston Scientific Corp. v. Schneider (Europe) AG, D.C.Mass.1997, 983 F.Supp. 245 (affirmative defense allowed because it did not unfairly prejudice or surprise plaintiff).

Turiano v. Schnarrs, D.C.Pa.1995, 904 F.Supp. 400.

A party may raise the affirmative defenses of res judicata and collateral estoppel for the first time on a summary judgment motion without having filed an answer. Kachler v. Taylor, D.C.Ala.1994, 849 F.Supp. 1503, **citing Wright & Miller.**

The defendants' failure to plead the affirmative defense of res judicata in their answer did not waive the affirmative defense. In the interest of judicial economy, res judicata would be considered when raised in a summary judgment motion because the plaintiffs are given ample opportunity to respond. Carino v. Town of Deerfield (Oneida County, New York), D.C.N.Y. 1990, 750 F.Supp. 1156.

The defendant's failure to plead the affirmative defense of the statute of frauds in its answer did not waive the defense when the defendant moved for summary judgment on the basis of the statute of frauds defense, and the plaintiff was not prejudiced by the defendant's raising of the defense by motion. Pantzer v. Shields Dev. Co., D.C.Del.1986, 660 F.Supp. 56.

On a motion for summary judgment, a district court properly may consider a statute of frauds defense not raised in the answer, even without formal amendment of the pleadings. Yonkers v. Otis Elevator Co., D.C.N.Y.1986, 649 F.Supp. 716, affirmed C.A.2d, 1988, 844 F.2d 42.

Standridge v. City of Seaside, D.C.Cal. 1982, 545 F.Supp. 1195, 1198 n. 1, **citing Wright & Miller** (immunity defense).

U.S. v. M/V Big Sam, D.C.La.1978, 454 F.Supp. 1144, 1151, **citing Wright & Miller,** modified on other grounds D.C.La.1979, 480 F.Supp. 290, affirmed in part, reversed in part on other grounds C.A.5th, 1982, 681 F.2d 432, certiorari denied 103 S.Ct. 3112, 462 U.S. 1132, 77 L.Ed.2d 1367.

Although the defense of res judicata is contained in the list of affirmative defenses, it is not specified as a ground for a pretrial motion to dismiss or for summary judgment. Nonetheless, the interest in efficient and expeditious judicial administration permits the defense to be raised and considered at the pretrial stage, particularly when the issue is raised by way of a summary judgment motion so that the

addition, both Rule 12(b) and Rule 12(c) provide that when affidavits or other matter outside the pleadings is presented to the district court on a motion to dismiss or for judgment on the pleadings and this matter is not excluded by the court, the motion

plaintiff is provided with an adequate opportunity to present arguments rebutting the defense. Weston Funding Corp. v. Lafayette Towers, Inc., D.C.N.Y.1976, 410 F.Supp. 980, 982 n. 2, **citing Wright & Miller,** affirmed on the merits C.A.2d, 1977, 550 F.2d 710.

The assertion of res judicata is proper on a motion to dismiss, so long as the motion is treated as a "speaking" motion, which by referring to material not in the complaint itself, such as a prior judgment, becomes in effect a motion for summary judgment. Kaufman v. Somers Bd. of Educ., D.C.Conn.1973, 368 F.Supp. 28.

When a failure to comply with the limitations requirements does not appear on the face of the complaint, the defect may be raised by a motion for summary judgment. Chambliss v. Coca-Cola Bottling Corp., D.C.Tenn. 1967, 274 F.Supp. 401, 408 n. 14.

When the action is barred by the statute of limitations, it must be dismissed as to those defendants who pleaded the statute, and since the defense, although not pleaded by another defendant, was raised by it in a memorandum in support of its motions for summary judgment, it had to be dismissed also as to this defendant. Quigley v. Hawthorne Lumber Co., D.C.N.Y.1967, 264 F.Supp. 214.

When the plaintiffs invoked res judicata, it could be raised by a motion for summary judgment. U.S. v. United Air Lines, Inc., D.C.Wash.1962, 216 F.Supp. 709, 718, affirmed in part, modified in part on other grounds sub nom. United Air Lines, Inc. v. Wiener, C.A.9th, 1964, 335 F.2d 379, 404, certiorari dismissed 85 S.Ct. 452, 379 U.S. 951, 13 L.Ed.2d 549.

Wade v. Lynn, D.C.Ohio 1960, 181 F.Supp. 361.

The defense of limitations may be raised by a motion to dismiss but the better practice is to raise it by a motion for summary judgment. McMillen v. Douglas Aircraft Co., D.C.Cal.1950, 90 F.Supp. 670.

**See also**

In Price v. Reynolds Metals Co., D.C.N.Y.1946, 69 F.Supp. 82, the court held that the defense of statute of frauds would be considered either because it is proper on a motion to dismiss under Rule 12(b) or because a motion for summary judgment under Rule 56 also was presented.

Venson Ford v. Madia, S.Ct.Wyo.1971, 480 P.2d 101, 103 n. 2, **citing Wright & Miller.**

**But see**

Generally speaking, the defendant can raise the defense of statute of limitations by motion for summary judgment, but when the defendant previously has filed its answer, which had the effect of waiving the defense, it could not, unless relieved of its default, revive the defense it had waived. Roe v. Sears, Roebuck & Co., C.A.7th, 1943, 132 F.2d 829.

**But compare**

In an action brought by union members against an affiliated union seeking enforcement of an arbitration award, the assertion of a statute of limitations defense in the defendant union's answer, rather than in its prior motion for dismissal and summary judgment, was both timely and sufficient as a matter of pleading. Santos v. District Council of New York City & Vicinity of United Bhd. of Carpenters & Joiners of America, AFL-CIO, C.A.2d, 1980, 619 F.2d 963.

§ 1277    PLEADING—AFFIRMATIVE DEFENSES    Ch. 4
Rule 8

"shall be treated" as one for summary judgment.[8] Thus, in practice, courts that allow the adjudication of affirmative defenses on a motion to dismiss or for judgment on the pleadings after permitting the parties to include extra-pleading materials are converting these motions into summary judgment motions; this requires the court to give all parties notice and the opportunity provided by Rule 56 to present pertinent evidentiary material to the district judge.[9] This procedure obviates the danger that the assertion of an affirmative defense by a motion to dismiss under Rule 12 might deprive the plaintiff of an adequate opportunity to present arguments rebutting the defense.[10] However, it must be remembered that disputes over

**8. Motion to dismiss converted**

A defendant may raise an affirmative defense by a motion to dismiss under Rule 12(b)(6); if the defense appears plainly on the face of the complaint, the motion may be disposed of, but if the defense is based on matters outside the complaint, the court must consider the motion as one for summary judgment in order to consider evidentiary matter, and the court can sustain the motion to dismiss only if there is no genuine issue of fact as to the defense. Miller v. Shell Oil Co., C.A.10th, 1965, 345 F.2d 891.

Chambliss v. Coca-Cola Bottling Corp., D.C.Tenn.1967, 274 F.Supp. 401, 408 n. 14.

When the substantive rights of the parties are not endangered, the manner of raising the defense of res judicata is unimportant and a motion to dismiss may be treated as a motion for summary judgment. U.S. v. Alaska, D.C.Alaska 1961, 197 F.Supp. 834.

Defenses based on the existence of an arbitration clause in the contract upon which suit was brought and a failure of the complaint to allege compliance with the arbitration clause were not properly before the district court on a motion to dismiss but when facts were before the court by exhibits and briefs on the motion, it would dispose of the question as far as possible in the interest of expediency. Karno-Smith Co. v. School Dist. of City of Scranton, D.C.Pa.1942, 44 F.Supp. 860.

See also vol. 5C, § 1366 and the cases cited in note 15 below.

**Compare**

Evidence may be produced in support of a defense of res judicata raised by a motion to dismiss, and if there is no genuine issue of fact, the motion to dismiss may be sustained. Haydu v. City of Billings, D.C.Mont.1966, 258 F.Supp. 785.

**9. Summary judgment used**

FDIC v. Dawson, C.A.5th, 1993, 4 F.3d 1303, **quoting Wright & Miller.**

U.S. v. M/V Big Sam, D.C.La.1978, 454 F.Supp. 1144, 1151, **citing Wright & Miller,** modified on other grounds D.C.La.1979, 480 F.Supp. 290, affirmed in part, reversed in part on other grounds C.A.5th, 1982, 681 F.2d 432, certiorari denied 103 S.Ct. 3112, 462 U.S. 1132, 77 L.Ed.2d 1367.

**10. Fairness to parties**

When an affirmative defense of res judicata was raised by a motion to dismiss but the facts supporting the defense did not appear plainly upon the face of the complaint and the record did not reveal an evidentiary basis for a dismissal or that the trial court considered the motion as one for summary judgment, it was error to dismiss the action for failure to state a claim on the ground of res judicata. Miller v. Shell Oil Co., C.A.10th, 1965, 345 F.2d 891.

632

material issues of fact cannot be resolved on a motion to dismiss or for summary judgment but must be reserved for resolution at trial by the appropriate trier.[11]

The defense of estoppel is an affirmative defense the efficiency of which cannot be determined until all the facts are developed by an evidentiary hearing. Collins v. PBW Stock Exchange, Inc., D.C.Pa.1976, 408 F.Supp. 1344.

In an accountant's action against the United States for back salary, the defenses of statute of limitations and res judicata could be raised by a motion to dismiss, when that procedure in no way endangered the accountant's rights, and he had a full opportunity for briefing and oral argument. Love v. U.S., 1952, 104 F.Supp. 102, 122 Ct.Cl. 144, affirmed sub nom. Love v. Stevens, C.A.1953, 207 F.2d 32, 93 U.S.App.D.C. 69.

The defense of res judicata may be raised by a motion when the substantive rights of the parties are not endangered and affidavits show that no genuine issue of fact exists. 348 Bloomfield Ave. Corp. v. Montclair Mfg. Co., D.C.N.J.1950, 90 F.Supp. 1020.

**11. Fact disputes unresolvable**

Affirmative defenses may be raised by a motion to dismiss for failure to state a claim, and the court has discretion to treat such a motion as one for summary judgment, but disputed issues of fact cannot be resolved by affidavits. Chappell v. Goltsman, C.A.5th, 1950, 186 F.2d 215.

Waiver is an affirmative defense and involves factual determinations, and thus, a waiver argument is an inappropriate basis for a dismissal under Rule 12. Manecke v. School Bd. of Pinellas County, Florida, D.C.Fla.1982, 553 F.Supp. 787, affirmed in part, reversed in part on other grounds C.A.11th, 1985, 762 F.2d 912.

Because laches is an affirmative defense and both the length of the delay and the existence of prejudice to the defendant are questions of fact, ruling on the merits of a claim of laches raised by a motion to dismiss is inappropriate. Crowley v. Local No. 82, Furniture & Piano Moving, Furniture Store Drivers, Helpers, Warehousemen & Packers, D.C.Mass.1981, 521 F.Supp. 614, affirmed on other grounds C.A.1st, 1982, 679 F.2d 978, reversed on other grounds 1984, 104 S.Ct. 2557, 467 U.S. 526, 81 L.Ed.2d 457.

Whether or not the defense of statute of limitations may be asserted by a motion to dismiss prior to the filing of the answer largely depends upon whether questions of fact or the applicability of a statute require deferment of a decision on the defense until a later stage of the proceedings. Magnotta v. Leonard, D.C.Pa.1952, 102 F.Supp. 593.

When not only calendar intervals but also circumstances tolling the statute of limitations might be entitled to consideration in passing on the defendant's motion to dismiss on the ground that the plaintiff's recovery was barred by the statute, the motion would be denied, since the defense of limitations could be more appropriately averred by an answer. Howell v. Gray, D.C.Neb.1950, 10 F.R.D. 268.

See also

Spiliotis v. Campbell, 1982, 431 N.E.2d 591, 592, 13 Mass.App.Ct. 189, **citing Wright & Miller.**

Compare

A complaint alleging tortious acts that were committed at a time clearly within the bar of a state statute of limitations was subject to dismissal notwithstanding the averment that the conspiracy was continuing. Mof-

§ 1277    PLEADING—AFFIRMATIVE DEFENSES    Ch. 4
Rule 8

When there is no disputed issue of fact raised by an affirmative defense, or the facts are completely disclosed on the face of the pleadings, and realistically nothing further can be developed by pretrial discovery or a trial on the issue raised by the defense, the recent cases seem to agree that the matter may be disposed of by a motion to dismiss under Rule 12(b).[12] The numerous cases so

---

fett v. Commerce Trust Co., D.C.Mo. 1947, 75 F.Supp. 303.

**12. Motion to dismiss proper**

An affirmative defense may be raised by pre-answer motion under Rule 12(b) when the facts that give rise to the defense are clear from the face of the complaint. Since a plaintiff's complaint necessarily includes certain facts about an alleged offense, such as dates, the plaintiff does not suffer from lack of notice when a defendant bases a pre-answer motion on the facts as alleged in the complaint. Smith–Haynie v. District of Columbia, C.A.1998, 155 F.3d 575, 332 U.S.App. D.C. 182, **citing Wright & Miller.**

Pani v. Empire Blue Cross Blue Shield, C.A.2d, 1998, 152 F.3d 67, **citing Wright & Miller,** certiorari denied 119 S.Ct. 868, 525 U.S. 1103, 142 L.Ed.2d 770.

Gordon v. National Youth Work Alliance, C.A.1982, 675 F.2d 356, 360, 218 U.S.App.D.C. 337, **citing Wright & Miller.**

Pierce v. County of Oakland, C.A.6th, 1981, 652 F.2d 671, 672, **citing Wright & Miller.**

The dismissal of an employment discrimination complaint for failure to file an administrative complaint in timely fashion, like a dismissal for the expiration of the statute of limitations, is properly raised by a motion to dismiss for failure to state a claim. Oaxaca v. Roscoe, C.A.5th, 1981, 641 F.2d 386, 391, **citing Wright & Miller.**

If the facts are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the affirmative defense of res judicata, the matter may be disposed of upon a motion to dismiss. Larter & Sons, Inc. v. Dinkler Hotels Co., C.A.5th, 1952, 199 F.2d 854.

A complaint may properly be dismissed under Rule 12(b)(6) when allegations in the complaint affirmatively show that the complaint is barred by the applicable statute of limitations because Rule 9(f) makes averments of time and place material for purposes of testing the sufficiency of the complaint. Suckow Borax Mines Consol., Inc. v. Borax Consol., Ltd., C.A.9th, 1950, 185 F.2d 196, 204, certiorari denied 71 S.Ct. 506, 340 U.S. 943, 95 L.Ed. 680.

Official Committee of Unsecured Creditors of Color Tile, Inc. v. Investcorp S.A., D.C.N.Y.1999, 80 F.Supp.2d 129, **citing Wright & Miller.**

Haynes v. Anderson & Strudwick, Inc., D.C.Va.1981, 508 F.Supp. 1303, 1322, **citing Wright & Miller.**

Jamerson v. Miles, D.C.Tex.1976, 421 F.Supp. 107, 109 n. 4, **quoting Wright & Miller.**

A motion to dismiss for failure to state a claim on which relief can be granted will lie when the complaint on its face establishes that the claim is time barred; a limitations claim is not required to be asserted by way of defensive pleading merely because the running of the limitations period is an affirmative defense. Burkhardt v. Liberty, D.C.Pa.1975, 394 F.Supp. 1296, affirmed without opinion C.A.3d, 1976, 530 F.2d 963.

Thistlethwaite v. City of New York, D.C.N.Y.1973, 362 F.Supp. 88, 91, cit-

holding, which deal with a variety of affirmative defenses, are illustrated by the citations in the note below.[13] After the pleadings

ing Wright & Miller, affirmed C.A.2d, 1974, 497 F.2d 339, certiorari denied 95 S.Ct. 686, 419 U.S. 1093, 42 L.Ed.2d 686.

See also vol. 5B, § 1357.

**See also**

Murrey v. Specialty Underwriters, Inc., 1975, 213 S.E.2d 668, 671, 233 Ga. 804, **citing Wright & Miller.**

Gardner v. Hollifield, 1975, 533 P.2d 730, 732, 96 Idaho 609, **citing Wright & Miller.**

**Compare**

McLendon v. South Carolina Dep't of Highways & Public Transportation, 1994, 443 S.E.2d 539, 313 S.C. 525 **citing Wright & Miller** (taking no stance on whether defense of statute of limitations can be raised on motion to dismiss).

**Dismissal not granted**

The statute barring a tort claim against the United States, unless it is presented in writing to the appropriate federal agency within two years after the claim accrues, is in the nature of a statute of limitations, rather than a built in time bar to jurisdiction; thus it would be improper to consider the United States' motion to dismiss under the rule relating to a dismissal for lack of jurisdiction over the subject matter or the rule pertaining to dismissal for failure to state a claim for relief, because limitations was a matter of defense rather than an element of the claim. Perkins v. U.S., D.C.Okl. 1976, 76 F.R.D. 590.

When the construction of a settlement agreement might not bring all of it within the ban of illegality, the defendants' motion to dismiss, which raised the sole question of the illegality of the settlement agreement, was properly denied, particularly in view of the court's reluctance to dismiss actions on a motion. Means v. Twentieth Century-Fox Film Corp., D.C.Mo.1952, 13 F.R.D. 198.

The defendant's motion to dismiss for failure to state a claim was denied when facts were stated in the complaint indicating a possibility that the claim was barred by res judicata but the facts stated were insufficient to enable the court to determine the question of res judicata. Jones v. Miller, D.C.Pa.1942, 2 F.R.D. 479.

**13. Accord and satisfaction**

Cordaro v. Lusardi, D.C.N.Y.1973, 354 F.Supp. 1147.

**Estoppel**

Sidebotham v. Robison, C.A.9th, 1954, 216 F.2d 816, 829.

Travelers Indem. Co. v. Arbogast, D.C.Pa.1968, 45 F.R.D. 87 (affidavit accompanied motion).

**Illegality**

When the complaint itself discloses the existence of a defense of illegality, a motion to dismiss under Rule 12(b)(6) before the answer is proper. Bradley v. American Radiator & Standard Sanitary Corp., D.C.N.Y.1946, 6 F.R.D. 37, affirmed C.A.2d, 1947, 159 F.2d 39.

**Absolute privilege in defamation action**

Garcia v. Hilton Hotels, Int'l, Inc., D.C.Puerto Rico 1951, 97 F.Supp. 5.

**In pari delicto**

Official Committee of Unsecured Creditors of Color Tile, Inc. v. Investcorp S.A., D.C.N.Y.1999, 80 F.Supp.2d 129.

**Release**

Cordaro v. Lusardi, D.C.N.Y.1973, 354 F.Supp. 1147.

Hoover v. Lacey, D.C.D.C.1943, 80 F.Supp. 691.

**Res judicata**

Wycoff v. Menke, C.A.8th, 1985, 773 F.2d 983, certiorari denied 106 S.Ct. 1230, 475 U.S. 1028, 89 L.Ed.2d 339.

**§ 1277**  PLEADING—AFFIRMATIVE DEFENSES  **Ch. 4**
Rule 8

Diaz-Buxo v. Trias Monge, C.A.1st, 1979, 593 F.2d 153, 155, **citing Wright & Miller,** certiorari denied 100 S.Ct. 64, 444 U.S. 833, 62 L.Ed.2d 42.

Iacaponi v. New Amsterdam Cas. Co., C.A.3d, 1967, 379 F.2d 311, certiorari denied 88 S.Ct. 802, 389 U.S. 1054, 19 L.Ed.2d 849.

Southard v. Southard, C.A.2d, 1962, 305 F.2d 730, 732 n. 1.

Scholla v. Scholla, C.A.1953, 201 F.2d 211, 92 U.S.App.D.C. 9, certiorari denied 73 S.Ct. 952, 345 U.S. 966, 97 L.Ed. 1385.

Res judicata shown by the court's own records may be noticed judicially so that no answer should be required. W.E. Hedger Transp. Corp. v. Ira S. Bushey & Sons, Inc., C.A.2d, 1951, 186 F.2d 236.

Logan Farms v. HBH, Incorporated DE, D.C.Ohio 2003, 282 F.Supp.2d 776 (res judicata and collateral estoppel).

Although the plaintiff objected to the defendants' motion to dismiss the claim for punitive damages on the ground that estoppel is an affirmative defense that should be raised by an answer and not by a motion to dismiss, the district court considered the motion because it was filed simultaneously with the answer and the plaintiff was not prejudiced. Tolbert v. County of Nelson, D.C.Va.1981, 527 F.Supp. 836.

Korup v. Flaherty, D.C.Pa.1981, 524 F.Supp. 1160.

Gilbert v. Bagley, D.C.N.C.1980, 492 F.Supp. 714.

Stokes v. Twin City Motors, Inc., D.C.Ark.1980, 490 F.Supp. 742.

Cook v. Harris, D.C.Ga.1979, 85 F.R.D. 279.

Pyles v. Keane, D.C.N.Y.1976, 418 F.Supp. 269 (collateral estoppel).

County of Lancaster v. Philadelphia Elec. Co., D.C.Pa.1975, 386 F.Supp. 934.

Sylk v. U.S., D.C.Pa.1971, 331 F.Supp. 661.

Connelly Foundation v. School Dist. of Haverford Tp., D.C.Pa.1971, 326 F.Supp. 241, affirmed per curiam C.A.3d, 1972, 461 F.2d 495.

When the record and judgment in a prior action has been attached to the complaint, res judicata may be raised on a motion to dismiss. Philadelphia Transp. Co. v. Southeastern Pennsylvania Transp. Authority, D.C.Pa.1968, 282 F.Supp. 789.

Travelers Indem. Co. v. Arbogast, D.C.Pa.1968, 45 F.R.D. 87 (affidavit accompanied motion).

U.S. v. Kusche, D.C.Cal.1944, 56 F.Supp. 201.

In re 9281 Shore Road Owners Corp., Bkrtcy.D.C.N.Y.1997, 214 B.R. 676.

**See also**

Paturzo v. Home Life Ins. Co., D.C.Md. 1974, 382 F.Supp. 357, 360, **citing Wright & Miller,** in which the court states in dictum that there is a question as to whether res judicata and collateral estoppel, as affirmative defenses, can be raised only in an answer or can be raised in a motion to dismiss.

**Sovereign immunity**

Aerotrade, Inc. v. Republic of Haiti, D.C.N.Y.1974, 376 F.Supp. 1281, 1283 n. 7.

**Statute of frauds**

Continental Collieries, Inc. v. Shober, C.A.3d, 1942, 130 F.2d 631.

Mill Run Associates v. Locke Property Co., D.C.Pa.2003, 282 F.Supp.2d 278 (in order for defense to appear on face of pleading, pleading must specifically refer to oral contract).

Atlantic Paper Box Co. v. Whitman's Chocolates, D.C.Pa.1994, 844 F.Supp. 1038.

Kahn v. Cecelia Co., D.C.N.Y.1941, 40 F.Supp. 878.

636

**Statute of limitations**

Ghartey v. St. John's Queens Hosp., C.A.2d, 1989, 869 F.2d 160, **citing Wright & Miller.**

Conerly v. Westinghouse Elec. Corp., C.A.9th, 1980, 623 F.2d 117.

Wilburn v. Pepsi–Cola Bottling Co. of St. Louis, C.A.8th, 1974, 492 F.2d 1288, 1289, **citing Wright & Miller.**

White v. Padgett, C.A.5th, 1973, 475 F.2d 79, 82 n. 7, **citing Wright & Miller,** certiorari denied 94 S.Ct. 78, 414 U.S. 861, 38 L.Ed.2d 112.

U.S. ex rel. E.E. Black, Ltd. v. Price–McNemar Constr. Co., C.A.9th, 1963, 320 F.2d 663.

When the complaint shows on its face that the action has not been instituted within the statutory period, and it is apparent that there is no genuine factual controversy as to the availability of the defense of statute of limitations, the issue may be resolved upon a motion to dismiss. Rohner v. Union Pac. R. Co., C.A.10th, 1955, 225 F.2d 272, 61 A.L.R.2d 337.

Taylor v. Houston, C.A.1954, 211 F.2d 427, 93 U.S.App.D.C. 391, 41 A.L.R.2d 724.

Butcher v. United Elec. Coal Co., C.A.7th, 1949, 174 F.2d 1003.

If it affirmatively appears on the face of the complaint that the action is barred by limitations, and no facts are alleged to avoid the bar of the statute, the defense may be raised by a motion to dismiss. Brictson v. Woodrough, C.A.8th, 1947, 164 F.2d 107, certiorari denied 68 S.Ct. 1500, 334 U.S. 849, 92 L.Ed. 1772.

Berry v. Chrysler Corp., C.A.6th, 1945, 150 F.2d 1002.

The facts necessary to determine whether the statute of limitations had run were apparent on the face of the complaint and were undisputed. Therefore, the court allowed the statute of limitations defense to be raised in a motion to dismiss. Gray v. Metts, D.C.Md.2002, 203 F.Supp.2d 426.

Swedish Civil Aviation Admin. v. Project Management Enterprises, Inc., D.C.Md.2002, 190 F.Supp.2d 785, **quoting Wright & Miller.**

FDIC v. Deloitte & Touche, D.C.Ark. 1992, 834 F.Supp. 1129.

Pinehurst Airlines, Inc. v. Resort Air Servs., Inc., D.C.N.C.1979, 476 F.Supp. 543.

Triplett v. Azordegan, D.C.Iowa 1977, 478 F.Supp. 872, 877, **citing Wright & Miller.**

Tasby v. Peek, D.C.Ark.1975, 396 F.Supp. 952.

Hitchcock v. deBruyne, D.C.Conn.1974, 377 F.Supp. 1403.

Shuman v. Sherman, D.C.Md.1973, 356 F.Supp. 911, 912 n. 4.

Josef's of Palm Beach, Inc. v. Southern Inv. Co., D.C.Fla.1972, 349 F.Supp. 1057.

Tanner v. Presidents–First Lady Spa, Inc., D.C.Mo.1972, 345 F.Supp. 950, 951, **citing Wright & Miller,** remanded on other grounds C.A.8th, 1973, 1973 WL 158105.

Ericksen v. Winnebago Indus., Inc., D.C.Minn.1972, 342 F.Supp. 1190.

Hofler v. American Tel. & Tel. Co., D.C.Va.1971, 328 F.Supp. 893.

Partis v. Miller Equip. Co., D.C.Ohio 1970, 324 F.Supp. 898, affirmed per curiam C.A.6th, 1971, 439 F.2d 262.

Carson v. U–Haul Co., D.C.Ky.1969, 307 F.Supp. 1086, affirmed on other grounds C.A.6th, 1970, 434 F.2d 916.

Schaefer v. U.S., D.C.Mo.1968, 288 F.Supp. 93.

Chambliss v. Coca–Cola Bottling Corp., D.C.Tenn.1967, 274 F.Supp. 401, 408 n. 14.

U.S. v. Eytcheson, D.C.Mont.1965, 237 F.Supp. 371.

When a complaint against the United States stated that a claim was timely filed, the defense that no proper claim was timely filed could not be raised by

are closed, the affirmative defense obviously may be raised on a motion for a judgment on the pleadings under Rule 12(c).[14] As

a motion to dismiss. Patitucci v. U.S., D.C.Pa.1959, 178 F.Supp. 507.

Wagner v. New York, O. & W. Ry., D.C.Pa.1956, 146 F.Supp. 926.

Sauters v. Young, D.C.Pa.1954, 118 F.Supp. 361.

Henis v. Compania Agricola de Guatemala, D.C.Del.1953, 116 F.Supp. 223, affirmed C.A.3d, 1954, 210 F.2d 950.

Foote v. Public Housing Comm'r, D.C.Mich.1952, 107 F.Supp. 270.

Magnotta v. Leonard, D.C.Pa.1952, 102 F.Supp. 593.

Burrell v. La Follette Coach Lines, D.C.Tenn.1951, 97 F.Supp. 279.

Wells v. Place, D.C.Ohio 1950, 92 F.Supp. 473.

The court cannot try the issue of limitations upon affidavits and a motion to dismiss because the bar of limitations can be sustained on motion only when, without any doubt as to the facts, the statute actually precluded recovery. Loker v. Allied Bldg. Credits, Inc., D.C.Mo.1947, 7 F.R.D. 358.

A motion to dismiss based on the ground that the complaint shows on its face that it is barred by limitations should be sustained only when the complaint shows conclusively that the claim stated actually is barred. Liken v. Shaffer, D.C.Iowa 1946, 64 F.Supp. 432, 446.

See also

"The purpose of Rule 9(f) was to make certain that a motion to dismiss could be used to present the issue of the statute of limitations when the complaint shows that the statute has run." Brown, Some Problems Concerning Motions under Federal Rule 12(b), 1940, 3 F.R.D. 146, 149.

Even before it became generally accepted that the defense of limitations might be asserted by a motion to dismiss, this result commonly was reached in the class of cases in which a claim is created by a statute that extinguishes the right of action as well as the remedy if the action is not brought within a certain time. In such cases it generally was agreed that a failure to sue within the required time might be raised by a motion to dismiss.

See also Goodwin v. Townsend, C.A.3d, 1952, 197 F.2d 970, in which the court said if the statute of limitations is made conditional upon the continued existence of a right rather than a mere bar to suit upon it, it goes to the substance of the plaintiff's claim so that the plaintiff must show himself to be within the statute in order to recover and the defendant need not specially plead the defense under Rule 8(c).

**Waiver**

Pepper–Reed Co. v. McBro Planning & Dev. Co., D.C.Virgin Islands 1983, 564 F.Supp. 569, 571, **citing Wright & Miller.**

See also

Patrick Media Group, Inc. v. City of Clearwater, D.C.Fla.1993, 836 F.Supp. 833 (dictum that defense of statute of limitations is more appropriately raised in responsive pleading than motion to dismiss).

An exception to the rule that an affirmative defense must be raised in the answer and not by motion is when the face of the complaint shows that the defense is a bar to the action. Williams v. Nash, Ala.1983, 428 So.2d 96, 99, **citing Wright & Miller.**

**14. Judgment on pleadings**

A motion for judgment on the pleadings must be sustained when the undisputed facts appearing in the pleadings, supplemented by any facts of which the court will take judicial notice,

noted earlier
pleadings to
mative defen
on the basis

show that nc
See vol. 5C, §§

In a diversity
take judicial 1
of limitations
ment on the
the defendant
statute of limi
defense and h
it. J.M. Blyth
Blalock, C.A.5

Overseas Motor,
Ltd., D.C.Mich
513 n. 25, **cit**
affirmed C.A.6
certiorari den:
U.S. 987, 46 L.

When the defend
as an affirmat
swer, his motic
pleadings was
Garfield, D.C.
406.

See also

Levinsky v. Diar
1277, 1281, :
**Wright & Mill**

**15. Summary j**

Vernon v. Heckle
F.2d 1274, a
C.A.9th, 1990, 8

Bishop v. State I
1986, 791 F.2d ‹

Batiste v. Burke
F.2d 257.

Harrison v. Thor
447 F.2d 459.

The defendant ma
defense by a mc
Rule 12(b)(6), a
pears plainly on
plaint, the motic
then, but if the
based on matte

noted earlier in this section, when it is necessary to go outside the pleadings to establish or defend against a motion raising an affirmative defense, it can be done on a motion for summary judgment on the basis of a more fully developed record.[15]

show that no relief can be granted. See vol. 5C, §§ 1367–1372.

In a diversity action, the court could take judicial notice of a state statute of limitations on a motion for judgment on the pleadings, even though the defendant had only alleged the statute of limitations as an affirmative defense and had not adduced proof of it. J.M. Blythe Motor Lines Corp. v. Blalock, C.A.5th, 1962, 310 F.2d 77.

Overseas Motor, Inc. v. Import Motors Ltd., D.C.Mich.1974, 375 F.Supp. 499, 513 n. 25, **citing Wright & Miller,** affirmed C.A.6th, 1975, 519 F.2d 119, certiorari denied 96 S.Ct. 395, 423 U.S. 987, 46 L.Ed.2d 304.

When the defendant pleaded limitations as an affirmative defense in his answer, his motion for judgment on the pleadings was proper. Patsavouras v. Garfield, D.C.N.J.1940, 34 F.Supp. 406.

See also

Levinsky v. Diamond, 1982, 442 A.2d 1277, 1281, 140 Vt. 595, **citing Wright & Miller.**

**15. Summary judgment**

Vernon v. Heckler, C.A.9th, 1987, 811 F.2d 1274, appeal after remand C.A.9th, 1990, 899 F.2d 1226.

Bishop v. State Bar of Texas, C.A.5th, 1986, 791 F.2d 435, 438 n. 2.

Batiste v. Burke, C.A.5th, 1984, 746 F.2d 257.

Harrison v. Thompson, C.A.5th, 1971, 447 F.2d 459.

The defendant may raise an affirmative defense by a motion to dismiss under Rule 12(b)(6), and if the defense appears plainly on the face of the complaint, the motion may be disposed of then, but if the affirmative defense is based on matters outside the complaint and is raised by a motion under Rule 12(b), then the court must consider the motion as one for summary judgment in order to consider evidentiary matter outside the complaint. The court can sustain the motion to dismiss only if there is no genuine issue of fact as to the affirmative defense. Miller v. Shell Oil Co., C.A.10th, 1965, 345 F.2d 891.

If a defect is apparent on the face of the complaint, it may be raised as a motion to dismiss under Rule 12(b)(6), which may be supported by affidavits and thus converted into a motion for summary judgment. Butcher v. United Elec. Coal Co., C.A.7th, 1949, 174 F.2d 1003.

Zhang v. Southeastern Financial Group, Inc., D.C.Pa.1997, 980 F.Supp. 787, **citing Wright & Miller** (res judicata).

Ireland v. Tunis, D.C.Mich.1995, 907 F.Supp. 1088, affirmed C.A.6th, 1997, 113 F.3d 1435.

Flight Attendants, Local No. 1 v. Air Micronesia, Inc., D.C.Haw.1988, 684 F.Supp. 1520, 1530, **citing Wright & Miller.**

A union, which failed to plead the limitations defense as an affirmative defense in its answer to a suit alleging a breach of duty of fair representation, would be permitted to assert the affirmative defense in its summary judgment motion when the timeliness issue was apparent from the fact of the complaint and when the parties and the court had examined the issue of the applicable statute of limitations for more than three years. Del Costello v. International Bhd. of Teamsters, Chauffeurs & Warehousemen & Helpers of America, D.C.Md.1984, 588

§ 1277   PLEADING—AFFIRMATIVE DEFENSES   Ch. 4
Rule 8

    Many of the problems described above are illustrated by a conflict that formerly existed as to whether a statute of limitations or laches defense could be asserted by the defendant before answering by a motion to dismiss. One line of cases decided in the years following the adoption of the federal rules held that these defenses could be raised only by answer and could not be adjudicated on a motion to dismiss; no exception was made for cases in which the dates stated in the complaint showed that the claim was barred by the applicable statute of limitations.[16] The somewhat more recent

---

F.Supp. 902, affirmed C.A.4th, 1985, 762 F.2d 1219.

Vanderboom v. Sexton, D.C.Ark.1969, 294 F.Supp. 1178.

**See also**

Kuhn v. Pacific Mut. Life Ins. Co., D.C.N.Y.1941, 37 F.Supp. 102.

Shea v. Bay State Gas Co., 1981, 418 N.E.2d 597, 599 n. 3, 383 Mass. 218, **quoting Wright & Miller.**

For additional summary judgment cases see the citations in notes 7–11 above. The conversion provision in Rule 12(b)(6) is discussed in vol. 5C, § 1366.

**But see**

Johnson v. Mississippi Valley Barge Line Co., D.C.Pa.1963, 34 F.R.D. 140. However, this case seems to contain some factual uncertainties.

**Compare**

U.S. v. Burzynski Cancer Research Institute, C.A.5th, 1987, 819 F.2d 1301, 1307, **citing Wright & Miller.**

**16. Limitations not raised by motion**

Carlisle v. Kelly Pile & Foundation Corp., D.C.Pa.1947, 72 F.Supp. 326, modified on rehearing on other grounds D.C.Pa.1948, 77 F.Supp. 51, reversed on other grounds C.A.3d, 1949, 175 F.2d 414.

The question, whether a claim by a successor trustee in bankruptcy to recover profits alleged to have been made by the defendant as a result of collaboration with the original trustee in dealing with the bankrupt's property was barred by limitations, could be better considered when presented by a responsive pleading and would not be disposed of on a motion to dismiss the complaint. Curtis v. Drybrough, D.C.Ky.1947, 70 F.Supp. 151.

When there were a number of substantial questions of law at issue, the defense of statute of limitations was such that its sufficiency should not be summarily determined upon a motion to strike. Klages v. Cohen, D.C.N.Y. 1947, 7 F.R.D. 216.

Curtis v. George J. Meyer Malt & Grain Corp., D.C.N.Y.1947, 6 F.R.D. 444.

Chilcutt v. U.S., D.C.Ky.1946, 64 F.Supp. 38.

Curtis v. Utah Fuel Co., D.C.N.J.1944, 59 F.Supp. 680, affirmed C.A.3d, 1945, 148 F.2d 340, certiorari denied 66 S.Ct. 29, 326 U.S. 724, 90 L.Ed. 429.

U.S. v. Earling, D.C.Wis.1941, 39 F.Supp. 864, 870.

Dirk Ter Haar v. Seaboard Oil Co., D.C.Cal.1940, 1 F.R.D. 598.

Holmberg v. Hannaford, D.C.Ohio 1939, 28 F.Supp. 216 (laches and limitations).

**See also**

The defense of statute of limitations in an action under the Federal Tort Claims Act must be set up affirmatively in the answer under Rule 8(c), and could not be raised by a motion to

---

[Right column, partially cut off:]

cases, howev(
the claim is t
12(b)(6). This
in Rule 9(f)
testing the su

  dismiss the c(
  similar motion
  suffice to raise
  U.S., D.C.N.Y.

The statute of lir
  affirmative de
  waived and m
  motion to disr
  in the petition
  cause of action
  ute. Baker v.
  F.R.D. 232.

**17. Rule 9(f)**

A complaint ma
  Rule 12(b)(6) v
  complaint affir
  claim is barred
  ute of limitati
  makes avermei
  material for pi
  sufficiency of tl
  Herron, C.A.5tl
  593 (dictum).

Suckow Borax Mi
  rax Consol., Lt
  F.2d 196, 204,
  S.Ct. 506, 340 l

Anderson v. Lint(
  F.2d 304.

Panhandle E. Pij
  C.A.10th, 1948;

Gossard v. Gossar
  F.2d 111.

Contract Buyers L
  ment, D.C.Ill.1!
  218, affirmed su
  Investment, C.⁄
  1191, certiorari
  400 U.S. 821, 27

Day v. Walker,
  F.Supp. 32, 33.

cases, however, hold that a complaint containing dates that show the claim is time-barred can be dismissed on a motion under Rule 12(b)(6). This result is reached in part on the basis of the provision in Rule 9(f) making allegations of time material for purposes of testing the sufficiency of a complaint[17] and in part on the assump-

---

dismiss the complaint even when a similar motion under state law would suffice to raise the question. Weber v. U.S., D.C.N.Y.1948, 8 F.R.D. 161.

The statute of limitations is a matter of affirmative defense, which may be waived and may not be raised on a motion to dismiss. Nothing appeared in the petition that showed that the cause of action was barred by the statute. Baker v. Sisk, D.C.Okl.1938, 1 F.R.D. 232.

**17. Rule 9(f)**

A complaint may be dismissed under Rule 12(b)(6) when allegations in the complaint affirmatively show that the claim is barred by the applicable statute of limitations because Rule 9(f) makes averments of time and place material for purposes of testing the sufficiency of the complaint. Herron v. Herron, C.A.5th, 1958, 255 F.2d 589, 593 (dictum).

Suckow Borax Mines Consol., Inc. v. Borax Consol., Ltd., C.A.9th, 1950, 185 F.2d 196, 204, certiorari denied 71 S.Ct. 506, 340 U.S. 943, 95 L.Ed. 680.

Anderson v. Linton, C.A.7th, 1949, 178 F.2d 304.

Panhandle E. Pipe Line Co. v. Parish, C.A.10th, 1948, 168 F.2d 238.

Gossard v. Gossard, C.A.10th, 1945, 149 F.2d 111.

Contract Buyers League v. F & F Investment, D.C.Ill.1969, 300 F.Supp. 210, 218, affirmed sub nom. Baker v. F & F Investment, C.A.7th, 1970, 420 F.2d 1191, certiorari denied 91 S.Ct. 42, 400 U.S. 821, 27 L.Ed.2d 49.

Day v. Walker, D.C.N.C.1962, 206 F.Supp. 32, 33.

A motion to dismiss because the statute of limitations has run may be utilized without supporting affidavits whenever the time alleged in the complaint shows that the action has not been brought within the statutory period. Delman v. Federal Prods. Corp., D.C.R.I.1955, 136 F.Supp. 241, affirmed C.A.1st, 1958, 251 F.2d 123.

Sherwin v. Oil City Nat. Bank, D.C.Pa. 1955, 18 F.R.D. 188, affirmed C.A.3d, 1956, 229 F.2d 835.

Sears, Roebuck & Co. v. Blade, D.C.Colo. 1954, 123 F.Supp. 131, 139, affirmed in part, reversed in part on other grounds sub nom. Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd., C.A.9th, 1956, 245 F.2d 67.

When the complaint did not allege the date upon which the claim arose, it cannot show on its face that the statute of limitations has run, and hence a motion to dismiss on that ground is improper despite Rule 9(f). O'Malley v. Wyoming Nat. Bank, D.C.Pa.1954, 15 F.R.D. 457.

Fouts v. Fawcett Publications, Inc., D.C.Conn.1953, 116 F.Supp. 535.

Adams v. Greer, D.C.Ark.1953, 114 F.Supp. 770.

Park–In Theatres, Inc. v. Paramount–Richards Theatres, Inc., D.C.Del.1950, 90 F.Supp. 727, affirmed C.A.3d, 1950, 185 F.2d 407, certiorari denied 71 S.Ct. 1017, 341 U.S. 950, 95 L.Ed. 1373.

French v. U.S. Fidelity & Guar. Co., D.C.N.J.1950, 88 F.Supp. 714, 724–725.

Riley v. Union Pac. R. Co., D.C.Wyo. 1950, 88 F.Supp. 391, affirmed C.A.10th, 1950, 182 F.2d 765.

tion that the motion to dismiss for failure to state a claim is a proper vehicle for asserting the defense of limitations or laches. The result reached in this latter group of cases seems sound; as a matter of judicial administration it is a waste of time and effort to require the defendant to prepare an answer if the case can be disposed of without further delay[18] or to renew his motion in the form of a request for summary judgment.

One objection to permitting the defense of limitations to be raised by motion, even when it appears to be available from a reading of the complaint, however, is that there may be facts tolling the running of the statute, such as by equitable estoppel, that do not appear in the complaint, which means that the motion to dismiss might be premature and simply promote unrewarding motion practice or, what is worse, lead to an improvident termination of the action. In a 1954 case, it was suggested that when a plaintiff

---

Stanley v. Bird, D.C.Ky.1949, 85 F.Supp. 358.

Berry v. Franklin Plate Glass Corp., D.C.Pa.1946, 66 F.Supp. 863, affirmed C.A.3d, 1947, 161 F.2d 184, certiorari denied 68 S.Ct. 76, 332 U.S. 767, 92 L.Ed. 352.

Time and place having been alleged in the pleading, questions of limitations or laches may be determined on a motion to dismiss. Hartford–Empire Co. v. Glenshaw Glass Co., D.C.Pa. 1942, 47 F.Supp. 711, 714.

See generally the discussion of Rule 9(f) in vol. 5A, §§ 1308–1309.

**Compare**

A complaint alleging that the defendant had infringed a specified copyright after a specified date and that it had continued up to the time the complaint was filed, and had continuously been publishing and selling a specified photograph, did not affirmatively show as a ground for dismissal that any part of the claim for damages for infringement was barred by the statute of limitations, in the absence of an affirmative allegation as to when the alleged infringement became known to the plaintiff. Rodriguez Serra v. Matias Photo Shop, D.C.Puerto Rico 1957, 21 F.R.D. 188.

**18. Avoidance of delay**

Inasmuch as one of the objects of the federal rules is the saving of time, it seems to be a useless waste of time not to entertain a motion to dismiss if the complaint shows on its face that the claim is barred by the statute of limitations. This defense is raised "affirmatively" on the motion to dismiss, and it seems unnecessary to go further and raise the same defense by answer. Pearson v. O'Connor, D.C.D.C.1942, 2 F.R.D. 521.

If the complaint shows upon its face that the claim is barred by the statute of limitations, and the defendant by his motion to dismiss serves notice that he does not waive this defense, the motion is the proper procedure and should be granted. To require the defendant, under these circumstances, to answer the complaint and require the case to be placed upon the calendar for trial, or the parties called in for a pretrial conference, would be an inexcusable loss of time and money to the litigants. Wright v. Bankers Serv. Corp., D.C.Cal.1941, 39 F.Supp. 980.

**See also**

Sims v. Lewis, S.Ct.Ala.1979, 374 So.2d 298, 302, **citing Wright & Miller.**

has pleaded facts indicating that the statute of limitations was a complete or partial bar to the action, it is incumbent on him, either in the initial pleading or by an amendment to it, to show whether one or more of the claims for relief fell under any exception to that affirmative defense.[19] Although this is a reasonable approach, it seems to create an unnecessary pleading burden without promoting the disposition of the issue on its merits. A better solution might be to permit the plaintiff to amend the complaint to eliminate the built-in defense if and when the defendant raises the bar of the statute of limitations or simply to require the defendant to precipitate a decision on the issue by a summary judgment motion when the facts are not in dispute.

The statute of limitations defense is unusual in that, as previously indicated, its effectiveness may well appear on the face of the complaint. Most of the affirmative defenses referred to in Rule 8(c) are less self-evident, however, and usually do not give rise to a motion addressed to the viability or sufficiency of the complaint. For example, the defense of laches, although similar to a limitations defense, involves more than the mere lapse of time and depends largely upon questions of fact.[20] Thus, a complaint seldom will

**19. Incumbent on pleader**

Kincheloe v. Farmer, C.A.7th, 1954, 214 F.2d 604, certiorari denied 75 S.Ct. 306, 348 U.S. 920, 99 L.Ed. 721.

See also

Brown, Some Problems Concerning Motions under Federal Rule 12(b), 1940, 3 F.R.D. 146, 149.

**20. Questions of fact**

McDonnell v. Estelle, C.A.5th, 1982, 666 F.2d 246, 254 n. 6, **citing Wright & Miller.**

When suit is brought within the time fixed by an analogous statute of limitations, the defendant has the burden of showing, either from the face of the complaint or by answer, extraordinary circumstances that require application of the doctrine of laches. When suit is brought after the statutory time has elapsed, the plaintiff has the burden of averring and proving circumstances making it inequitable to apply laches to his case. Shell v. Strong, C.A.10th, 1945, 151 F.2d 909.

Richardson v. Hamilton Int'l Corp., D.C.Pa.1974, 62 F.R.D. 413, 420, **quoting Wright & Miller.**

Perpetual Royalty Corp. v. Kipfer, D.C.Kan.1965, 253 F.Supp. 571, 576, affirmed C.A.10th, 1966, 361 F.2d 317, certiorari denied 87 S.Ct. 743, 385 U.S. 1025, 17 L.Ed.2d 673.

When a libel in admiralty for personal injuries based on unseaworthiness was instituted about two and one-half years after the accident, but the exact period of the time lag did not appear from the papers submitted on a motion to dismiss, and the amended libel alleged that laches would not be applicable for various reasons, all of which might raise issues of fact, under the circumstances the issue of laches would not be determined on a motion to dismiss, but would be decided on the trial of the action when all of the facts could be presented. Sanchez v. Compania Panamena Maritima San Gerassimo, S.A., D.C.N.Y.1959, 170 F.Supp. 448.

§ 1277  PLEADING—AFFIRMATIVE DEFENSES  Ch. 4
Rule 8

disclose undisputed facts clearly establishing the defense of laches and a motion to dismiss generally is not a useful vehicle for raising the issue,[21] although some district courts have permitted a challenge to be made in this fashion.[22] As is true of most of the Rule 8(c) affirmative defenses, the summary judgment motion or trial are better vehicles for determining the propriety of the defense.

### § 1278. Effect of Failure to Plead an Affirmative Defense

It is a frequently stated proposition of virtually universal acceptance by the federal courts that a failure to plead an affirmative defense as required by Federal Rule 8(c) results in the waiver

---

Mas v. Owens–Illinois Glass Co., D.C.Pa. 1958, 167 F.Supp. 657.

Whether a veteran had abandoned his claim for reinstatement or should be barred by laches, either from damages or reinstatement to his former position, would depend upon a full disclosure of the facts and would not be determined on a motion to dismiss the complaint. Cummings v. Hubbell, D.C.Pa.1947, 7 F.R.D. 360.

National Supply Co. v. Hillman, D.C.Pa. 1944, 57 F.Supp. 4, 7.

Perrott v. U.S. Banking Corp., D.C.Del. 1944, 53 F.Supp. 953, 958–959.

See also

Kenney v. Commissioner of Correction, 1987, 502 N.E.2d 1385, 1386, 399 Mass. 137, citing **Wright & Miller.**

**21. Motion to dismiss unavailable**

Riley v. Titus, C.A.1951, 190 F.2d 653, 89 U.S.App.D.C. 79, certiorari denied 72 S.Ct. 82, 342 U.S. 855, 96 L.Ed. 644.

United Engineering & Foundry Co. v. Cold Metal Process Co., D.C.Pa.1950, 92 F.Supp. 596, vacated on other grounds C.A.3d, 1951, 190 F.2d 217.

Wilson v. Shores-Mueller Co., D.C.Iowa 1941, 40 F.Supp. 729.

See also

Laches is an affirmative defense and cannot be set up for summary disposition by a motion to dismiss. The pertinency of the defense of laches was not apparent on the face of the complaint in this case. Topping v. Fry, C.A.7th, 1945, 147 F.2d 715.

**22. Laches raised by motion to dismiss**

A motion to dismiss will be sustained when laches can be determined without any necessity for a further factual inquiry. Coughlin v. Ryder, D.C.Pa. 1966, 260 F.Supp. 256.

When a bar of passage of time clearly appears on the face of the complaint, a defense of laches has been considered on a motion to dismiss. Wilson v. Illinois Cent. R. Co., D.C.Ill.1957, 147 F.Supp. 513.

If elements of laches are apparent on the face of the complaint, this defense is available to the defendant in objecting to the sufficiency of the complaint. Russell v. Thomas, D.C.Cal.1955, 129 F.Supp. 605.

U.S. v. Kusche, D.C.Cal.1944, 56 F.Supp. 201.

See also

A.C. Aukerman Co. v. R.L. Chaides Constr. Co., C.A.Fed., 1992, 960 F.2d 1020 (defense of laches available in action at law for patent infringement).

Lavender v. United Mine Workers of America, D.C.Va.1968, 285 F.Supp. 869.