IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMY PALMER ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. 04 11954 RCL |
| v. ) | |
| ) | |
| CHAMPION MORTGAGE ) | |
| ) | |
| Defendant. ) | |

## OPPOSITION TO MOTION TO DISMISS

The Plaintiff states the following in opposition to the Motion to Dismiss filed by the Defendant Champion Mortgage:

**I   DEFENDANT'S PREEMPTION ARGUMENT IS NOT DISPOSITIVE**

Plaintiff submits that, even if Defendant could establish that the MCCDA was preempted by the National Banking Act or that Champion Mortgage was not subject to the MCCDA due to its status as a federally chartered institution,[1] Plaintiff would still be entitled to her federal rescission remedy provided for under the Federal Truth in Lending Act ("TILA"). The Plaintiff's original complaint and her proposed amended complaint[2] seek rescission and statutory damages which are expressly provided for under TILA. Therefore, despite the concession relative to preemption and

---

[1] *"The exemption does not apply to transactions in which a federally chartered institution is a creditor"*. Official Staff Commentary to 12 C.F.R. 226.29(a)(4).

[2] The Plaintiff has filed an amended complaint which, to date, has not been ruled upon by the Court. The amended complaint clarifies that Plaintiff was pleading in the alternative for relief under either the State or Federal truth in lending statutory schemes. The amended complaint also clarifies the timing and receipt of material disclosures required under either statute.

1

or the applicability of the exemption to the Defendant, the Motion to Dismiss must be denied.

## II. PLAINTIFF'S DAMAGES CLAIMS ARE TIMELY

The Defendant confuses entitlement to statutory damages in the rescission process with the independent claim for statutory damages for the failure to recognize and honor the request to rescind the loan. The statute of limitations has not expired on Plaintiff's TILA damages claim. The TILA provision governing rescission claims, 15 U.S.C. §1635(g), provides:

> Additional relief
>
> In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

Therefore under the TILA, as pled in both the original and amended complaints, if a person is determined to have a right to rescind, that person may also recover damages and attorney's fees. Freeman v. B&B Associates, 790 F.2d 145, 147-48 (D.C.Cir. 1986); McIntosh v. Irwin, 215 F.R.D. 26, 30 ( D. Mass. 2003)( Recognizing that the statute of limitations for damages under rescission under Section 1635 is not one year but rather three years)[3]; In re Soto, 221 B.R. 343, 31 n. 36 (Bankr., E.D.Pa. 1998); Bookhart v. Mid-Penn Consumer Discount Co., 559 F.Supp. 208, 212 (Bankr.E.D.Pa. 1983). If §1635(g) does not permit a consumer to sue for damages unless he or she is already entitled to it under §1640, then it serves no purpose. Statutes should not be construed so that any portion is superfluous. Herman v. Hector I. Nieves Transport, Inc., 244 F.3d 32, 36 (1st Cir. 2001). Accordingly the Federal Court has jurisdiction to hear the damage claim under 15 U.S.C. §1635(g) and the motion to dismiss as it relates to this point should be denied.

---

[3] Judge Young's holding is in direct conflict with the decision of Judge Saris in Rodriques v. Members Mortgage Co. 323 F. Supp. 2d 201 ( D. Mass. 2004) which is relied upon by the Defendant.

2

The Plaintiff is also entitled to pursue attorney's fees for enforcement of rescission under 15 U.S.C. §1640(a)(3).[4] Rollins v. Dwyer, 666 F.2d 141, 145 (5th Cir. 1982); Aquino v. Public Finance Consumer Discount Co., 606 F.Supp. 504, 510 (E.D.Pa. 1985). As alleged in the complaint and amended complaint, prior to initiating the instant lawsuit the Plaintiff sent Champion a rescission notice, which was received and not responded to by the Defendant. (Complaint ¶¶ 13,14; Amended Complaint ¶¶ 15,16 ) Therefore the Plaintiff maintains an independent claim for statutory damages resulting from the failure of the Defendant to honor the rescission notice. This claim was brought timely, within one year of mailing the notice of rescission, and therefore the Federal Court has jurisdiction under 15 U.S.C. §1640 to hear the claim. In re Vickers, 275 B.R. 401, 407 ( Bankr. M.D. Fla. 2001) ( statutory damages awarded against assignee who failed to rescind); Jackson v. U.S. Bank N.A., 245 B.R. 23 ( Bank. E.D. Pa.2000)(statutory damages of $2000 imposed against assignee for failure to honor rescission notice of consumer). See also Fairbanks v. Jenkins, 231 F.Supp. 2d 737 ( N.D. Ill. 2002). Thus, the Federal Court has jurisdiction over the claim for damages and the motion to dismiss should be denied.

### III. CONCLUSION

Plaintiff clearly may proceed with her claims for rescission, statutory damages, and attorney fees under the TILA and therefore the Motion to Dismiss should be denied.

---

[4]The statute of limitations for a §1640(a)(3) claim runs from the date a rescission demand is made, so it was not expired when the complaint was filed. Reid v. Liberty Consumer Discount Co., 484 F.Supp. 435, 441 (E.D.Pa.1980); In re Tucker, 74 B.R. 923, 932 (Bankr.E.D.Pa.1987). Accordingly, the Plaintiff was thus well within the statute of limitations for statutory damages pursuant to §1640(a)(3).

Respectfully submitted,

_____
Christopher M. Lefebvre
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
BBO# 629056

## CERTIFICATION

I hereby certify that I mailed a copy of the above to Patricia L. Peard, Esq., Nixon Peabody, LLP, 889 Elm Street, Manchester, NH 03101-2019 on the December 22, 2004.

_____

S:\WPFILES\TILA CASES\Palmer v. Champion\oppositiontomotiontodismiss #2.wpd