UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMY PALMER,<br><br>    Plaintiff,<br><br>        v.<br><br>CHAMPION MORTGAGE,<br><br>    Defendant. | Civil Action No. 04-11-954-RCL |

## DEFENDANT CHAMPION MORTGAGE'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

Defendant Champion Mortgage, a Division of KeyBank National Association

("Champion"), by and through its attorneys, Nixon Peabody LLP, hereby opposes Plaintiff Amy

Palmer's ("Plaintiff") Motion For Leave to File an Amended Complaint.

## RELEVANT PROCEDURAL HISTORY

On October 5, 2004, Plaintiff filed her Original Complaint.  On December 13, 2004,

Champion Mortgage moved to dismiss the Complaint, which motion is still pending before this

Court.  On December 21, 2004, Plaintiff filed both an opposition to Champion Mortgage's

Motion to Dismiss AND a motion to amend her Original Complaint.

## ARGUMENT

Where—as here—the amendment would be futile, leave to amend should be denied.

*Kaluzynski v. Don Armstrong,* 2001 U.S. Dist. Lexis, 10142, *2 (D. Me. 2001); 3 Moore's

Federal Practice, § 15.08[4]; *Masorsky v. General Motors Corp*., 706 F.2d 111, 125 (3rd Cir.

1983); *International Software v. First Nat'll Bank*, 1986 U.S. Dist. LEXIS 28678, *8-9 (E.D. Pa.

1986).   The granting of a motion to amend is by no means automatic.  *Kaluzynski, 2001 U.S.*

M117598.1

*Dist. Lexis*, 10142, at \*2.  Where—as here—the Proposed Amended Complaint would serve no purpose, this Court should deny Plaintiff leave to amend.

First, the motion to amend should be denied because the Proposed Amended Complaint does not differ substantively from the Original Complaint.  In fact, aside from non material changes in the introductory paragraph, essentially, the only differences between the two documents is that paragraph 11 from the Original Complaint is broken into two separate paragraphs in the Proposed Amended Complaint.  The substance is essentially identical.

Also, the Proposed Amended Complaint inserts a new paragraph at paragraph 14.  <u>See</u> Defendant's Appendix in Support of Opposition to Amend Complaint ("Appendix") at Exhibit A.  As these and the other minor differences between the Original Complaint and the Proposed Amended Compliant are not substantive, the motion to amend should be denied.

Second, the motion to amend should be denied as it would not withstand a motion to dismiss.  Accordingly, the amendment would be futile in effect.  As set forth more fully in Champion's motion to dismiss, which is both renewed and incorporated herein by reference, Plaintiff is not entitled to rescission as a matter of law.  She admits in her complaint that she received the "required material disclosures and copies of other pertinent closing documents" <u>several</u> <u>days</u> after the March 28, 2003 closing.  Yet, she admits waiting until August 6, 2004— more than a year after the required material disclosures were made—to attempt to rescind the loan transaction.  *See* Complaint at ¶ 13; Proposed Amended Complaint, at ¶ 15.

Plaintiff had to rescind within three business days after the lender makes the requisite material disclosures.  The right to rescind "will not expire until three business days after the *correct* disclosure is finally provided."  R.J. Rohrer, THE LAW OF TRUTH IN LENDING, 8-33, ¶ 8.03[2][a] (1984).  TILA only grants a "consumer . . . a continuous right to rescind for as long as

M117598.1

the creditor fails to comply"—up to three years—with the Disclosure Statement or the Notice of Right to Cancel. *Nichols v. Mid-Penn Consumer Discount Co.*, 1989 U.S. Dist. LEXIS 4796, *9 (E.D. Pa.) (aff'd, 893 F.2d 1331 (1989)). It is only if the required notice and material disclosures are not delivered—unlike here where Plaintiff admits that she received the requisite material disclosures—that Plaintiff would have three years to rescind.

Plaintiff's right to rescind only extended until three business days after Champion complied with its disclosure requirements. 12 CFR § 226.15; *Nichols*, 1989 U.S. Dist. LEXIS 4796, *9; *Smith v. American Financial Systems, Inc.*, 737 F.2d 1549, 1552 (11th Cir. 1984) (noting that right to rescind continues only for three years if the disclosures remain deficient); *Semar v. Platte Valley Federal Savings & Loan Ass'n*, 791 F.2d 699, 701-02 (9th Cir. 1986) (borrower only entitled to rescind loan within three years after it was consummated if lending institution fails to make required disclosure and does not cure such failure).

Here, the last of the events to occur was the delivery of all material disclosures, and that event occurred "several days" after the March 29, 2003 closing. *See* Complaint, at ¶ 11 and Proposed Amended Complaint, at ¶ 12. As Plaintiff concedes that KeyBank complied with its TILA obligations several days after the March 28, 2003 closing, her rescission rights terminated three business days thereafter. In light of Plaintiff's admissions, this Court should grant Champion's motion to dismiss.[1]

Moreover, as amending the Complaint would be futile, this Court should deny Plaintiff's motion to amend.

---

[1] To extent this Court rules on and grants the motion to amend prior to ruling on the motion to dismiss, Champion reserves the right to answer or otherwise respond to the amended complaint.

M117598.1

## CONCLUSION

This Court should deny Plaintiff's Motion for Leave to Amend her Complaint, and rule on Champion Mortgage's pending Motion to Dismiss.

WHEREFORE, Defendant Champion Mortgage respectfully requests that this Court:

a.     Deny Plaintiff's Motion for Leave to File an Amended Complaint; and

b.     Grant such further relief that this Court deems just and appropriate.

Respectfully submitted,

CHAMPION MORTGAGE, A DIVISION OF
KEYBANK NATIONAL ASSOCIATION

By its attorneys,

NIXON PEABODY LLP

Dated: January 7, 2005

By: /s/ W. Scott O'Connell
W. Scott O'Connell, BBO No. 559669
Patricia L. Peard, BBO No. 642213
889 Elm Street
Manchester, NH  03101
soconnell@nixonpeabody.com
ppeard@nixonpeabody.com
(603) 628-4000

M117598.1