UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMY PALMER,<br><br>    Plaintiff,<br><br>        v.<br><br>CHAMPION MORTGAGE,<br><br>    Defendant. | Civil Action No. 04-11-954-RCL |

**DEFENDANT CHAMPION MORTGAGE,
A DIVISION OF KEYBANK NATIONAL ASSOCIATION'S
<u>MOTION TO AMENDED DISMISS</u>**

    1.    Defendant Champion Mortgage, a Division of KeyBank National Association ("Champion"), by and through its attorneys, Nixon Peabody LLP, hereby moves to dismiss Plaintiff Amy Palmer's Amended Complaint because she has failed to state a claim upon which relief can be granted.

    2.    First, the plaintiff claims that she did not receive all required copies of material disclosures until several days after the loan was consummated. *See* Amended Complaint, at ¶ 12.

    3.    As the plaintiff concedes that KeyBank complied with its TILA obligations several days after the March 28, 2003 closing, her rescission rights terminated three business days thereafter. *See* 15 U.S.C. § 1635(a).

    4.    Yet, the plaintiff waited until August 6, 2004 (more than a year after the alleged defect was cured) to rescind the transaction, *see* Amended Complaint, at ¶ 15, and she is therefore barred from bringing her rescission claim.

    5.    Second, any claim relating to a TILA violation is time-barred. The statute of limitations for the plaintiff to bring any claim under TILA is one year, 15 U.S.C. § 1640(e), and

it is not extended by virtue of the fact that a borrower—under circumstances not relevant here—may have three years to rescind. *Rodrigues v. Members Mortgage Co.*, 323 F. Supp. 2d 201, 210 (D. Mass. 2004) (noting that three year rescission period does not extend period of limitations to bring action under 15 U.S.C. § 1640(e)).

6.    Here, the plaintiff claims that the violation occurred on March 28, 2003. *See* Amended Complaint, at ¶¶ 10-11. As the plaintiff did not file this action until September 8, 2004, more than a year after the alleged violation occurred, her claim is barred by 15 U.S.C. § 1640(e).

7.    Third, Massachusetts' Consumer Credit Cost Disclosure Act, MGL ch. 140D, *et seq.*, is preempted by the National Bank Act, as MGL ch. 104D impermissibly imposes damages upon national banks beyond those allowable under TILA.

8.    In particular, MGL ch. 140D, § 10(f), among other things, allows a borrower to bring a claim for damages as well as to rescind a loan transaction four years after the date of consummation of the loan transaction, while under TILA, a borrower must bring a claim for damages within one year, *see* 15 U.S.C. § 1640(e), and send a notice to rescind the transaction within three years after consummation of the transaction, 15 U.S.C. § 1635(f).

9.    Moreover, 12 CFR § 226.28(a) requires a ruling that MGL 104D is preempted as it is inconsistent with federal law and requires a creditor to take actions that contradict the requirements of the Federal law. By its own terms, allowing a borrower to bring a claim for a period greater than that allowed by federal law, contradicts federal law and is preempted.

10.    In summary, the plaintiff has failed to state a claim upon which relief may be granted, and this Court should dismiss her claim.

11. Champion submits herewith a memorandum of law which is fully incorporated herein.

12. For the Court's convenience, Champion has attached as Exhibit B to its memorandum of law all authority cited therein.

WHEREFORE, Champion respectfully requests that this Court:

A. Dismiss the plaintiff's Amended Complaint in its entirety; and

B. Grant such other and further relief as justice requires.

Respectfully submitted,

CHAMPION MORTGAGE, A DIVISION OF KEYBANK NATIONAL ASSOCIATION

By its attorneys,

NIXON PEABODY LLP

Dated: March 24, 2005

By: /s/ W. Scott O'Connell
W. Scott O'Connell, BBO No. 559669
Patricia L. Peard, BBO No. 642213
889 Elm Street
Manchester, NH 03101
soconnell@nixonpeabody.com
ppeard@nixonpeabody.com
(603) 628-4000

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of March, 2005 a copy of the forgoing Motion to Dismiss was forwarded by the Court's ECF system to Christopher M. Lefebvre, Esquire, counsel of record, at Post Office Box 479, Pawtucket, Rhode Island 02862, counsel for the plaintiff.

/s/ W. Scott O'Connell
W. Scott O'Connell

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Patricia L. Peard, co-counsel for defendant Champion, hereby certify that I have conferred with Plaintiff's counsel and have attempted in good faith to resolve and narrow the issues presented in this Motion, but was unable to do so.

/s/Patricia L. Peard
Patricia L. Peard

## REQUEST FOR ORAL ARGUMENT

Defendant Champion hereby respectfully requests oral argument on this Motion, as Champion believes that oral argument would assist the Court in deciding this Motion.

M119949.1