IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMY PALMER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. 04 11954 RCL |
| v. | ) | |
| | ) | |
| CHAMPION MORTGAGE | ) | |
| | ) | |
| Defendant. | ) | |

## OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Much is said about the old adage *"If at first you don't succeed, try try again."* Unfortunately for the Defendant, it's valiant efforts to dismiss the Plaintiff's Amended Complaint fail for the following reasons.

## I    DEFENDANT'S PREEMPTION ARGUMENT IS NOT DISPOSITIVE

For purposes of this proceeding <u>only</u> ( and not to establish precedential value in other matters or cases) and so as to avoid wasting judicial resources on a largely insignificant[1] issue, the Plaintiff will stipulate that either the MCCDA may be preempted by the National Banking Act <u>or</u> that Champion Mortgage is not subject to the MCCDA. ( *"The exemption does not apply to transactions*

---

[1] Plaintiff takes this rather unorthodox position as it is not worth the time, effort, energy and cost of briefing and debating an issue that does not control the outcome of the case. Counsel does not mean to minimize the importance of preemption issues and their interplay with National Banks and the enforcement of consumer rights. However, in this particular case, the Defendant's grossly extensive memorandum with attachments does not even remotely support the drastic remedy of dismissal of the Plaintiff's case. Even if the Defendant were correct in their assertion that either preemption or the exception to the exemption found does apply, it is still abundantly obvious that the Plaintiff would be entitled to proceed under the 3year statute of limitations period for rescission claims and accompanying statutory damage claims provided for under federal law.

1

*in which a federally chartered institution is a creditor"*.  Official Staff Commentary to 12 C.F.R.

226.29(a)(4).  Regardless, the Plaintiff is entitled to her federal rescission remedy provided for under

the Federal Truth in Lending Act.  Having digested the rather lengthy pre-emption argument raised

in the Defendant's papers in the first round of this skirmish, the Plaintiff anticipated and addressed

this argument by pleading relief in the alternative under both state and or federal laws.  The

Plaintiff's amended complaint seeks rescission and statutory damages which are expressly provided

for under TILA.  Therefore, despite the concession relative to preemption and or the applicability

of the exemption to the Defendant, the Motion to Dismiss must be denied.

## II.    PLAINTIFF'S ATTEMPT TO RESCIND IS NOT TIME BARRED

The Amended Complaint easily establishes a claim for relief under the extended right to

rescind provisions of either the TILA or the MCCDA.  As alleged in the amended complaint, the

Plaintiff attended a closing and left the closing without copies of any of the statutorily required

disclosures, having not been provided any copies by the closing attorney and or agent.  Several days

after the March 28, 2003 consummation ( closing) of the loan, Plaintiff received via the mail copies

of disclosures and other pertinent closing documentation that were executed several days prior.

Included in said documents was a Notice of Right To Cancel. The Notice of Right to Cancel received

by the Plaintiff several days after the closing was defective and confusing[2] as it contained a deadline

to rescind of April 1, 2003 which had already transpired by the time the Plaintiff received said

---

[2]    The Defendant's memorandum conveniently ignores the salient allegation that the
rescission notice alleged to be received via mail several days after the closing contained a
deadline to rescind that had already passed! This Court could easily conclude as a matter of law,
that it is a violation of the TILA (giving rise to the 3 year extended right of rescission) for a
consumer to receive a rescission notice that contained an express deadline to consummate
rescission which had already expired at the time of the receipt of the document by the consumer.

document in the mail.  ( Amended Complaint ¶¶ 11,12,14)

TILA was enacted "to assure a meaningful disclosure of credit terms so that the consumer

will be able to compare more readily the various credit terms available to him and avoid the

uninformed use of credit..." 15 U.S.C. §601(a).  "Accordingly, the Act requires creditors to provide

borrowers with clear and accurate disclosures of terms dealing with things like finance charges,

annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Federal Bank, 523

U.S. 410 (1998).  Most importantly for this case, however, TILA establishes a statutory right of

rescission whenever a mortgage loan is given on a borrower's principal dwelling which extends until

"midnight of the third business day following consummation [of the loan], delivery of the notice [of

the right to rescind], or delivery of all material disclosures[3], whichever occurs last." 12 C.F.R. §

226.23(a)(3).    Under TILA regulations, a creditor is required to "deliver two copies of the notice

of the right to rescind" which must "be on a separate document that identifies the transaction" and

"clearly and conspicuously" discloses the consumer's right to rescind the transaction.  12 C.F.R. §

226.23(b)(1).  If the required notice or material disclosures are not delivered, the right to rescind

shall expire three years after consummation.  See 12 C.F.R. § 226.23(a)(3).  Reese v. Hammer

Financial Corp., 1999 WL 1101677 (U.S.D.C., N.D.Ill. 1999).

Especially in the area of mortgage loans on home residences:

Courts have imposed a standard of strict liability under the TILA where a lender has violated any of
its provisions.  See, e.g., Griggs v. Provident Consumer Discount Co., 680 F.2d 927, 930 (3d
Cir.1982) ("[The TILA] mandates the disclosure of certain information in financing agreements and

---

[3] Though admittedly Plaintiff received a document which purported to be a TILA
rescission disclosure, the form was nevertheless defective as it contained a deadline to exercise
any rescission right which had already transpired by the time of receipt.  Therefore, the Plaintiff
has appropriately alleged that she did not receive the material disclosure ( right to rescind) both
contemplated and mandated by the TILA.

enforces that mandate by 'a system of strict liability in favor of consumers who have secured financing when [the] standard[s][are] not met.' ") (quoting Thomka v. A.Z. Chevrolet, 619 F.2d 246, 248 (3d Cir.1980); 15 U.S.C. §§ 1640(a)). Courts impose such strict liability even where such violations are "merely technical" or "minor." *See, e.g.*, Mars v. Spartanburg Chrysler Plymouth, Inc., 713 F.2d 65, 67 (4th Cir.1983); Jenkins v. Landmark Mortgage Corp., 696 F.Supp. 1089, 1095 (W.D.Va.1988); Solis v. Fidelity Consumer Discount Co., 58 B.R. 983, 986 (E.D.Pa.1986). For example, failure to fill in the expiration date of the rescission form violates the TILA and entitles the borrower to retain the right to rescind the transaction. *See, e.g., Williamson v. Lafferty,* 698 F.2d 767, 768-69 (5th Cir.1983); Mayfield v. Vanguard Savings & Loan Association, 710 F.Supp. 143, 145-46 (E.D.Pa.1989); Aquino v. Public Finance Consumer Discount Co., 606 F.Supp. 504, 507 (E.D.Pa.1985). New Maine Nat. Bank v. Gendron, 780 F.Supp. 52, 57 (D.Me.1991).

In re Rodrigues, 278 B.R. 683, 688 (Bkrtcy.D.R.I. 2002).

The Defendant's argument that the execution of an acknowledgment of receipt of a material disclosure is somehow tantamount to automatic disposition in it's favor, ignores the overwhelming caselaw to the contrary. Even where a Plaintiff has executed an acknowledgment of receipt of accurate disclosures, such a statement simply raises "a rebuttable presumption" and the jury must ultimately decide which documents were in fact received at the time of closing.    Davison v. Bank One Home Loan Services, 2003 WL 124542 (D.Kan. 2003).  *Accord,*  Cooper v. First Gov't Mortgage & Investors Corp., 2002 WL 31520158, at *11-13 (D.D.C. Nov. 4, 2002) (presumption rebutted by borrower's testimony); Hanlin v. Ohio Builders & Remodelers, Inc., 212 F.Supp.2d 752 (S.D.Ohio. 2002) (same); Stone v. Mehlberg, 728 F.Supp. 1341 (W.D.Mich. 1989)(same);In re Rodrigues, 278 B.R. 683 (Bkrtcy.D.R.I. 2002) (same); In re Williams, 232 B.R. 629 (Bkrtcy.E.D.Pa. 1999)(same), *aff'd in relevant part,* 237 B.R. 590, 594- 95 (E.D.Pa .1999).  *See also* Jenkins v. Landmark Mortgage Corporation, 696 F.Supp. 1089, 1093 (W.D.Va.1988) (rebuttable presumption of receipt that was created by acknowledgment of receipt of TILA disclosure statement was rebutted by "testimony that plaintiff left the attorney's office without the TILA disclosure form and did not actually receive it in the form she could keep until [later].").

Thus, even if this Court were to consider the closing document which Champion improperly[4]

referenced in support of the Motion to Dismiss, it merely creates a rebuttable presumption which

the Plaintiff should be allowed to present to a jury. For all of these reasons, the Motion to dismiss

the Amended Complaint should be denied.

## III.    PLAINTIFF'S DAMAGES CLAIMS ARE TIMELY

The Defendant confuses entitlement to statutory damages in the rescission process with the

independent claim for statutory damages for the failure to recognize and honor the request to rescind

the loan. The statute of limitations has not expired on Plaintiff's TILA damages claim.  The TILA

provision governing rescission claims, 15 U.S.C. §1635(g), provides:

Additional relief

> In any action in which it is determined that a creditor has violated this section, in
> addition to rescission the court may award relief under section 1640 of this title for
> violations of this subchapter not relating to the right to rescind.

Therefore under the TILA, as pled in the amended complaint, if a person is determined to have a

right to rescind, that person may also recover damages and attorney's fees. Freeman v. B&B

Associates, 790 F.2d 145, 147-48 (D.C.Cir. 1986); McIntosh v. Irwin, 215 F.R.D. 26, 30 ( D. Mass.

2003)( Recognizing that the statute of limitations for damages under rescission under Section 1635

is not one year but rather three years)[5]; In re Soto, 221 B.R. 343, 31 n. 36 (Bankr., E.D.Pa. 1998);

---

[4] In a strikingly similar situation, the District Court for the Northern District of Illinois
had occasion to review TILA closing documents attached to an affidavit submitted in connection
with a Rule 12(b)(6) motion to dismiss.  The Court held that it would not consider any document
which "merely raises questions regarding the factual circumstances surrounding the delivery of
the Notice of Right to Cancel..." Reese v. Hammer Financial Corp., 1999 WL 1101677 at 3
(U.S.D.C., N.D.Ill. 1999)

[5] Judge Young's holding is in direct conflict with the decision of Judge Saris in
Rodriques v. Members Mortgage Co. 323 F. Supp. 2d 201 ( D. Mass. 2004) which is relied upon

Bookhart v. Mid-Penn Consumer Discount Co., 559 F.Supp. 208, 212 (Bankr.E.D.Pa. 1983).  If §1635(g) does not permit a consumer to sue for damages unless he or she is already entitled to it under §1640,  then it serves no purpose.  Statutes should not be construed so that any portion is superfluous.  Herman v. Hector I. Nieves Transport, Inc., 244 F.3d 32, 36 (1st Cir. 2001). Accordingly the Federal Court has jurisdiction to hear the damage claim under 15 U.S.C. §1635(g) and the motion to dismiss should be denied.

The Plaintiff is also entitled to  pursue attorney's fees for enforcement of rescission under 15 U.S.C. §1640(a)(3).[6]  Rollins v. Dwyer, 666 F.2d 141, 145 (5th Cir. 1982); Aquino v. Public Finance Consumer Discount Co., 606 F.Supp. 504, 510 (E.D.Pa. 1985).  As alleged in the amended complaint, prior to initiating the instant lawsuit the Plaintiff sent Champion a rescission notice, which was received and not responded to by the Defendant. ( Amended Complaint ¶¶ 15,16 ) Therefore the Plaintiff maintains an  independent claim for statutory damages resulting from the failure of the Defendant to honor the rescission notice. This claim was brought timely, within  one year of mailing the notice of rescission, and therefore the Federal Court has jurisdiction under 15 U.S.C. §1640 to hear the claim.  In re Vickers, 275 B.R. 401, 407 ( Bankr. M.D. Fla. 2001) ( statutory damages awarded against assignee who failed to rescind); Jackson v. U.S. Bank N.A., 245 B.R. 23 ( Bank. E.D. Pa.2000)( statutory damages of $2000 imposed against assignee for failure to honor rescission notice of consumer). See also Fairbanks v. Jenkins, 231 F.Supp. 2d 737 ( N.D. Ill.

by the Defendant.

[6]The statute of limitations for a §1640(a)(3) claim runs from the date a rescission demand is made, so it was not expired when the complaint was filed. Reid v. Liberty Consumer Discount Co., 484 F.Supp. 435, 441 (E.D.Pa.1980); In re Tucker, 74 B.R. 923, 932 (Bankr.E.D.Pa.1987). Accordingly, the Plaintiff is well within the statute of limitations for statutory damages pursuant to §1640(a)(3).

2002). Thus, the Federal Court has jurisdiction over the claim for damages and the motion to dismiss should be denied.

## III.  CONCLUSION

The litigation can proceed under the TILA, therefore the Motion to Dismiss should be denied.

Respectfully submitted,

Christopher M. Lefebvre
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI  02862
(401) 728-6060
(401) 728-6534 (FAX)
BBO# 629056

## CERTIFICATION

I hereby certify that I mailed a copy of the above to Patricia L. Peard, Esq., Nixon Peabody, LLP, 889 Elm Street, Manchester, NH 03101-2019 on this 3ᵈ day of March 2005.

S:\WPFILES\TILA  CASES\Palmer  v.  Champion\secondoppositiontomotiontodismiss.wpd