UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMY PALMER,<br><br>    Plaintiff,<br><br>           v.<br><br>CHAMPION MORTGAGE,<br><br>    Defendant. | Civil Action No. 04-11-954-RCL |

**DEFENDANT CHAMPION MORTGAGE,
A DIVISION OF KEYBANK NATIONAL ASSOCIATION'S
<u>REPLY TO PLAINTIFF'S NOTICE OF ADDITIONAL AUTHORITY</u>**

Defendant Champion Mortgage, a Division of KeyBank National Association ("Champion"), by and through its attorneys, Nixon Peabody LLP, hereby replies to Plaintiff Amy Palmer's Notice of Additional Authority. In support thereof, Champion states as follows:

1. Plaintiff incorrectly claims that the recent decision of *Belini v. Washington Mutual Bank, F.A.*, 2005 U.S. 11256 (1st Cir. 2005), supports a finding that she has a cause of action based upon Champion's alleged lack of response to her request to rescind the loan.

2. Conversely, the *Belini* decision supports dismissal of Plaintiff's claim.

3. The First Circuit in *Belini* made clear that "where the debtor's notice of rescission is invalid--for example, where the creditor has not actually failed to satisfy a material disclosure requirement that would entitle the debtor to rescind—then no damages can be assessed against the creditor for failing to respond to the notice [of rescission]." *Id.* at *22.

4. In *Belini*, the debtor's notice of rescission was valid because the creditor never made the requisite disclosures and as such, the three day rescission period was never triggered.

*Id.* at *2. Accordingly, the notice of rescission was valid and required a response by the creditor within twenty (20) days.

5.  Conversely, here, Plaintiff admits that she received all required copies of material disclosures several days after the loan was consummated. *See* Amended Complaint, at ¶ 12.

6.  As Plaintiff concedes that KeyBank complied with its TILA obligations several days after the March 28, 2003 closing, her rescission rights terminated three business days thereafter. *See* 15 U.S.C. § 1635(a).[1]

7.  Accordingly, this is a case where "the debtor's notice of rescission is invalid," *Belini*, at *22, because here Plaintiff waited until August 6, 2004 (more than a year after the alleged defect was cured and after the one year statute of limitations period expired)[2] to send the notice of rescission, *see* Amended Complaint, at ¶ 15.

8.  As such, her notice of rescission was legally defective and, accordingly, no damages can be assessed against Champion for allegedly failing to respond to Plaintiff's notice of rescission. *Id.* at *22.

9.  In summary, Plaintiff has failed to state a claim upon which relief may be granted, and this Court should dismiss her claim.

WHEREFORE, Champion respectfully requests that this Court:

A.  Dismiss Plaintiff's Amended Complaint in its entirety; and

B.  Grant such other and further relief as justice requires.

---

[1] Notably, even the debtors in Belini admitted that the creditors' failure to make the required material disclosures gave them "the right to rescind the mortgage until such time as the disclosures were actually delivered." Id. at *8 (citing 15 U.S.C. § 1635(a); Mass. Gen Laws ch. 140D, § 10(a)). In addition, the debtors in Belini admitted that the one year statute of limitations period in 15 U.S.C. § 1640 barred them from bringing a cause of action for the creditor's alleged failure to make the material disclosures at the time of closing. Id. at 17.

[2] As set forth in Champion's Memorandum of Law, MGL ch. 140D is preempted by federal law. Further, Plaintiff's claim for rescission does not fall under the exemption granted to the Commonwealth of Massachusetts.

M122712.1                          2

                                        Respectfully submitted,

                                        CHAMPION MORTGAGE, A DIVISION OF
KEYBANK NATIONAL ASSOCIATION

                                        By its attorneys,

                                        NIXON PEABODY LLP

Dated: June 28, 2005                By: /s/ W. Scott O'Connell_____
                                             W. Scott O'Connell, BBO No. 559669
                                             Patricia L. Peard, BBO No. 642213
                                             889 Elm Street
                                             Manchester, NH 03101
                                             soconnell@nixonpeabody.com
                                             ppeard@nixonpeabody.com
                                             (603) 628-4000

## CERTIFICATE OF SERVICE

     I hereby certify that on this 28th day of June, 2005 a copy of the forgoing Reply to Notice of Additional Authority was forwarded by the Court's ECF system to Christopher M. Lefebvre, Esquire, counsel of record, at Post Office Box 479, Pawtucket, Rhode Island 02862, counsel for the plaintiff.

                                             /s/ W. Scott O'Connell
                                             W. Scott O'Connell