# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMY PALMER ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. O4-11954 RCL |
| v. ) | |
| ) | |
| CHAMPION MORTGAGE ) | |
| ) | |
| Defendant. ) | |

## SECOND AMENDED COMPLAINT

### INTRODUCTION

1. This action seeks redress against Champion Mortgage for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.[1]

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 ( general jurisdiction),1332 ( diversity jurisdiction) and 1337 ( interstate commerce). Diversity jurisdiction is applicable as the Plaintiff is resident of Massachusetts and seeks rescission of a $220,000.00 mortgage obligation held by an out of state corporation that does not have it's principle place of business in Massachusetts.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant

---

[1] In accordance with the Court's order dated 12/22/05 dismissing Plaintiff's Amended Complaint, all references to the MCCDA and requests for statutory damages in relation to the claim for rescission have been removed from the complaint. Plaintiff reserves the right to seek further amendment to add these claims if successful on any appeal to the First Circuit.

1

does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391(c).

## PARTIES

4. Plaintiff Amy Palmer resides at 75 Holmes Street, Halifax, MA 02338.

5. Defendant Champion is a National corporation with its principle place of business at 2 Gatehall Drive, Parsippany, NJ 07054.

6. Champion enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

7. Champion is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

8. Champion is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

## FACTS

9. On or about March 28, 2003, Plaintiff obtained a loan from Champion, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

10. In connection with the transaction, on March 28, 2003 the Plaintiff attended a closing at the law office of Topkins and Bevans at 155 Grossman Drive, Suite 401, Braintree, MA 02184 and reviewed and signed several documents involving the mortgage transaction, including but not limited to the following:.

    1. A note in the principal amount of $220,000.00;

    2. A mortgage;

    3. A Truth in Lending statement; and

    4. A HUD-1 Settlement Statement.

11. At the time of the loan closing referenced above, the Plaintiff was not provided copies of any of the required material disclosures of 15 U.S.C. §1602(u). In fact, the Plaintiff left the closing attorney's office without any of the statutorily required disclosures, having not been provided any copies by the closing attorney and or agent.

12. Several days after the March 28, 2003 consummation of the loan, Plaintiff received via the mail copies of the disclosures and other pertinent closing documentation that were executed several days prior. Included in said documents was a Notice of Right To Cancel, a copy of which is attached hereto as <u>Exhibit A</u>.

13. Because the transaction was secured by Plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.

Section 226.23 of 15 U.S.C. §1635 provides:

> **(a) <u>Consumer's right to rescind.</u>**
>
> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
>
> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

3

> (3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]
>
> (4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.
>
> (b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
>> (1) The retention or acquisition of a security interest in the consumer's principal dwelling.
>>
>> (2) The consumer's right to rescind the transaction.
>>
>> (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>>
>> (4) The effects of rescission, as described in paragraph (d) of this section.
>>
>> (5) The date the rescission period expires. . . .
>
> (f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:
>
>> (1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>>
>> (2) A credit plan in which a state agency is a creditor.

14. The Notice of Right To Cancel received by the Plaintiff several days after the closing

4

was defective and confusing as it contained a deadline to rescind of April 1, 2003 which had already transpired by the time the Plaintiff received said document in the mail.

15. Upon information and belief, Champion both treated and intended the April 1, 2003 date contained on the Notice of Right to Cancel received by the Plaintiff via the mails as the deadline in which the Plaintiff could rescind the transaction.

16. On April 2, 2003, Champion disbursed the loan proceeds as indicated by copies of the attached letters and checks of it's closing agent. Copies of disbursement letters and accompanying checks dated April 2, 2003 made payable to Option One Mortgage, and Town of Halifax are incorporated by reference and attached as Exhibit B. Accordingly, Champion violated the Delay of Creditor's Performance Rule as referenced in Federal Reserve Board Regulation Z, 12 C.F.R. part 226.23 and disbursed funds during the three day period after the Plaintiff received her material disclosures via the mails.

17. On or about August 6, 2004, the Plaintiff exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent via certified mail to Champion's Agent, Topkins and Bevans. A Copy of the notice is attached as Exhibit C.

18. Champion failed to respond to Plaintiff's request to rescind the mortgage.

## COUNT I

### TRUTH IN LENDING ACT VIOLATIONS

19. Plaintiff incorporates ¶¶ 1-18 as if fully set out herein.

20. By failing to provide the material disclosures, Champion violated TILA.

21. Champion failed to give Plaintiff clear and conspicuous notice of her right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23. Accordingly, the Plaintiff is entitled to

5

rescind the mortgage.

22. Champion violated the Delay of Performance Rule, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23. Accordingly, the Plaintiff is entitled to rescind the mortgage.

23. The failure of the Defendant to respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiff to an award of statutory damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant Champion as follows:

1. A declaration that Plaintiff is entitled to rescind ;
2. Rescission of the loan;
3. Statutory Damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

/s/Christopher M. Lefebvre

Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI  02862
(401) 728-6060
(401) 728-6534 (FAX)
BBO# 629056

## JURY DEMAND

Plaintiff demands trial by jury.

/s/Christopher M. Lefebvre

# Exhibit A

CHAMPION MORTGAGE, 2 GATEHALL DRIVE, PARSIPPANY, NJ 07054

| File # 1733023 | Cust # 1411316 |
|---|---|

## NOTICE OF RIGHT TO CANCEL

| Customer's Name: AMY PALMER | Date of Contract or Loan: MARCH 28, 2003 |
|---|---|
| Mailing Address: 75 HOLMES STREET  HALIFAX, MA 02338 | Contract or Loan Number: 1733023 |

**Your Right To Cancel:**

You are entering into a transaction that will result in a (mortgage/lien/security interest)(on/in) your home. You have a legal right under federal law to cancel this transaction, without cost, within three (3) business days from whichever of the following events occurs last:

(1) the date of the transaction, which is MARCH 28, 2003; or (date)

(2) the date you received your Truth-in-Lending disclosures; or

(3) the date you received this notice of your right to cancel.

**How to Cancel:**

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

**TOPKINS & BEVANS
255 BEAR HILL ROAD
WALTHAM, MA 02154**

You may use any written statement that is signed and dated by you and states your intention to cancel, and/or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of APRIL 01, 2003 (or midnight of the third business day following the latest of the three (3) events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

_____     _____
Customer's Signature                Date

## EFFECT OF CANCELLATION

If you cancel the transaction, the (mortgage/lien/security interest) is also cancelled. Within twenty (20) calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the (mortgage/lien/security interest) (on/in) your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return their property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the creditor. If we do not take possession of the money or property within twenty (20) calendar days of your offer, you may keep it without further obligation.

The undersigned customer(s) acknowledge receipt of two (2) completed copies of this notice on this date MARCH 28, 2003.

_____
AMY PALMER

C. EC006-A# (Rev 07/01) Rescind                    Page 1 of 1

# Exhibit B

# TOPKINS & BEVANS
## ATTORNEYS AT LAW

ELLIOTT S. TOPKINS
ROBERT T. BEVANS

255 Bear Hill Road
Waltham, Massachusetts 02451
Tel. (781) 890-6230 • Toll-free (800) 360-2106
Conveyancing Fax (781) 890-0519 • Default Fax (781) 890-4472

SEAN Z. KEOUGH
MARK V. BORST
JOHN F. WHITE
AMY L. MAGIT
GEORGE M. MEGALOUDIS

COPY

April 2, 2003

Option One Mortgage
Attn: Payoff Dept.
3 Ada
Irvine, CA 92618

RE:     Borrowers:        Amy Palmer

        Property:         75 Holmes Street
                          Halifax, MA 02338

        Loan Number:      0004782819

Dear Sir or Madam:

Enclosed please find a check in the amount of $173,522.21 representing the **mortgage** payoff on the above-referenced loan.

The payoff is broken down as follows:

  Principal                                     $173,522.21

  Total Due:                                    $173,522.21

Said First Mortgage was recorded with the Plymouth Registry of Deeds at Book 20303, page 240.. Recorded on 08/02/01. Please forward a discharge to my attention at the above address upon your receipt of these mortgage payoff funds. Please contact this office at (781) 890-6230 if you require assistance. Thank you.

Very truly yours,

Thomas P. McKinley
Topkins and Bevans

File No:CP-PALME-A   File ID:CP-PALME-A

©1986-2003 Standard Solutions, Inc. 781-324-0550

Date: 03-26-03  
To: Champion Mtg  
(973)-462-2712

, MA 02338

Loan: 0004782819  
Borrower: Amy Palmer

Prop: 75 Holmes St  
Halifax MA 02338

***PAYOFF AMOUNT WILL CHANGE IF (1) one or more posted payments does not "clear" the drawee bank and/or (2) if loan default status changes. CALL TO CONFIRM PAYOFF AMOUNT AND LAST PAYMENT POSTED - 800-648-9605, ext. 8540***

## PAYOFF STATEMENT

| | |
|---|---:|
| Unpaid Principal Balance: | 167,776.77 |
| Interest through 03-26-03 at 9.70000%: | 1,159.27 |
| Prepayment Charge: | 4,068.57 |
| Unpaid Late Charges: | 81.29 |
| Previous Demand Fee | 25.00 |
| Fax Fee | 5.00 |
| Updated Demand Fee | 5.00 |
| * * * * * * * * * TOTAL * * * * * * * * * $ | 173,120.90 |

IF FUNDS REMITTED ARE SHORT, THE FUNDS WILL BE RETURNED

The above figures are good through 03-26-03  
Per Diem (Daily Interest): $ 44.59  
Next Payment Due: 04-01-03   Amount: $ 1,450.90  
Late Charges are assessed after: 15 days from Payment Due Date  
Late Charge Amount: $ 43.53

PAYOFF CALCULATION:  
All monthly interest calculations must be made using a 30-day month and 360-day year. Interest calculations for less than one month must be based on actual days and a 365-day year. Interest must be remitted THROUGH the date funds are received by Option One.

REMITTANCE INFORMATION:  
Funds must be in the form of a cashier's, certified, title company or lawyer's trust account check(s), made payable to Option One Mortgage Corporation, or may be wired. You must reference the funds as "PAYOFF" and include the borrower's name and loan number. IF FUNDS REMITTED ARE SHORT, THEY WILL BE RETURNED. So that we may process the release of lien upon receipt of funds sufficient to pay off the loan in full, PLEASE PROVIDE BOOK, PAGE OR INSTRUMENT NUMBER OF SECURITY INSTRUMENT, LEGAL DESCRIPTION AND ORIGINAL LENDER OF RECORD.

MAIL: Option One Mortgage Corp.  
Attn: Payoff Department  
3 Ada  
Irvine, CA 92618

WIRE: B/O Option One Mortgage  
Account No. 099-0526  
Mellon Bank  
Pittsburgh, PA  
ABA No. 043-000-261  
Wire Deadline: 1:30 PM PST

IMPORTANT INFORMATION:  
Balances are subject to change if a payment is applied or reversed.

Option One will continue to pay escrow items as they become due. If, due to the Borrower's failure to provide proof of coverage, Option One has exercised its right to obtain a property insurance policy on Borrower's behalf, SUCH POLICY SHALL BE CANCELLED EFFECTIVE ON THE DATE THE LOAN IS PAID IN FULL.

If regular monthly payments are remitted via an AUTO-DRAFT, please be advised that a payment may draft prior to payoff.

XP101 TN7 Revised (654/001)

PAYOFF STATEMENT
ADDENDUM

March 26, 2003

Loan No. 0004782919

Mortgagor's Name: Amy Palmer
Property Address: 75 Holmes St
Halifax MA 02338

### ADDITIONAL COMMENTS

IF THIS IS A SALE, OR THIS LOAN REFINANCES WITH "THE ORIGINAL LENDER OF RECORD", THE PREPAYMENT CHARGE WILL BE WAIVED.

IF EITHER OF THE ABOVE CONDITIONS EXIST, A SETTLEMENT STATEMENT MUST ACCOMPANY THE PAYOFF FUNDS. SHOULD FUNDS BE RECEIVED MORE THAN FIVE (5) BUSINESS DAYS AFTER THE EXECUTION OF THE SETTLEMENT STATEMENT, THEN FURTHER INFORMATION MAY BE REQUIRED.

XP995-012/TN7

TOTAL P.02

**TOPKINS & BEVANS**
**IOLTA TRUST**
255 BEAR HILL ROAD
WALTHAM, MA 02451

BANKNORTH
WALTHAM, MA 02451
53-7054/2113

13390

4/2/2003

PAY TO THE ORDER OF   Option One Mortgage

$ **173,522.21

One Hundred Seventy-Three Thousand Five Hundred Twenty-Two and 21/100*************************************************

DOLLARS

MEMO  CP-PALME-A

AUTHORIZED SIGNATURE

⑆013390⑆ ⑈211370545⑈ 8241122383 7⑈

---

**TOPKINS & BEVANS / IOLTA TRUST**

13390

Option One Mortgage
[CP-PALME-A]/CP-PALME-A        PYO First Mortgage         4/2/2003          173,522.21

CP-PALME-A        CP-PALME-A                                                 173,522.21

**TOPKINS & BEVANS / IOLTA TRUST**

13390

Option One Mortgage
[CP-PALME-A]/CP-PALME-A        PYO First Mortgage         4/2/2003          173,522.21

CP-PALME-A        CP-PALME-A                                                 173,522.21

# TOPKINS & BEVANS
### ATTORNEYS AT LAW

ELLIOTT S. TOPKINS  
ROBERT T. BEVANS

255 Bear Hill Road  
Waltham, Massachusetts 02451  
Tel. (781) 890-6230 • Toll-free (800) 360-2106  
Conveyancing Fax (781) 890-0519 • Default Fax (781) 890-4472

SEAN Z. KEOUGH  
MARK V. BORST  
JOHN F. WHITE  
AMY L. MAGIT  
GEORGE M. MEGALOUDIS

COPY

April 2, 2003

Town of Halifax  
499 Plymouth Street  
Halifax, MA 02338

RE:   Borrowers:       Amy Palmer

        Property:         75 Holmes Street  
                          Halifax, MA 02338

        Parcel ID Number:   Map 54 Lot 13

Dear Sir or Madam:

Enclosed please find a check in the amount of **$1,630.00** representing the **First half Real Estate taxes for FY 2003** on the above-referenced Parcel of Land.

The payoff is broken down as follows:

    Principal                                            $1,630.00

    Total Due:                                           $1,630.00

Please contact this office at (781) 890-6230 if you require assistance. Thank you.

Very truly yours,

Thomas P. McKinley  
Topkins and Bevans

File No:CP-PALME-A   File ID:CP-PALME-A

©1986-2003 Standard Solutions, Inc. 781-324-0550



# TOPKINS & BEVANS
## ATTORNEYS AT LAW

ELLIOTT S. TOPKINS
ROBERT T. BEVANS

255 Bear Hill Road
Waltham, Massachusetts 02451
Tel. (781) 890-6230 • Toll-free (800) 360-2106
Conveyancing Fax (781) 890-0519 • Default Fax (781) 890-4472

SEAN Z. KEOUGH
MARK V. BORST
JOHN F. WHITE
AMY L. MAGIT
GEORGE M. MEGALOUDIS



April 2, 2003

Town of Halifax, Treasurer
499 Plymouth Street
Halifax, MA 02338

RE:  Borrowers:       Amy Palmer

     Property:        75 Holmes Street
                      Halifax, MA 02338

     Parcel ID Number: Map 54 Lot 13

Dear Sir or Madam:

Enclosed please find a check in the amount of $3,000.00 representing the **TAX TITLE** payoff on the above-referenced Parcel of Land.

**The payoff is broken down as follows:**

Principal                                        $3,000.00

Total Due:                                       $3,000.00

Please contact this office at (781) 890-6230 if you require assistance. Thank you.

Very truly yours,

Thomas P. McKinley
Topkins and Bevans


File No:CP-PALME-A   File ID:CP-PALME-A

©1986-2003 Standard Solutions, Inc. 781-324-0550



# Exhibit C

Case 1:04-cv-11954-RCL   Document 17-2   Filed 12/27/2005   Page 19 of 20



**FAMILY AND CONSUMER LAW CENTER**
WWW.RICONSUMERLAW.COM
CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.
ATTORNEYS & COUNSELORS AT LAW

August 6, 2004

CERTIFIED MAIL-RETURN RECEIPT REQUESTED

Champion Mortgage
c/o Topkins & Bevans
255 Bear Hill Rd.
Waltham, MA 02154

   Re: Notice of Rescission by Amy A. Palmer, 75 Holmes St., Halifax, MA 02338.
     Loan Number: 1733024, Closing Date 11/29/2002.

To Whom It May Concern:

  I represent Amy A. Palmer concerning the mortgage loan transaction she entered into with Champion on March 28, 2003. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635 and Regulation Z, Section 226.23.

  The primary basis for the rescission is that Amy Palmer did not get notice of her right to cancel and other material disclosures at the contract closing in violation of 15 U.S.C. Section 1635(a) and Regulation Z, Sections 226.17 and 226.23.

  The security interest held by Champion Mortgage on the Palmer property located at 75 Holmes St., Halifax, MA 02338 is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

             Very truly yours,
             Amy A. Palmer,
             By her Attorney,

             Christopher M. Lefebvre
             P. O. Box 479
             Pawtucket, RI 02862

TWO DEXTER STREET, P.O. BOX 479    PAWTUCKET, RI 02862    PHONE: (401) 728-6060    FAX: (401) 728-6534