## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

AMY PALMER                                         )
                                                   )
                            Plaintiff,             )
                                                   )          C.A.  O4-11954 RCL
                            v.                     )
                                                   )
CHAMPION MORTGAGE                                  )
                                                   )
                            Defendant.             )
_____)

## PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Amy Palmer respectfully requests, pursuant to Fed.R.Civ.P. 59,  that the Court reconsider it's order dated December 22, 2005 dismissing her case and accordingly grant her leave to file a Second Amended Complaint, instanter.   A copy of the proposed Second Amended Complaint is attached as Exhibit  A.   In support of this motion, the Plaintiff states as follows:

1.  Plaintiff originally brought this action against Defendant Champion Mortgage to seek rescission of her principle mortgage.

2.  In response thereto, Champion filed a  motion to dismiss arguing that the Massachusetts Consumer Credit Cost Disclosure Act ( "CCCDA")- the Massachusetts version of the Truth In Lending Act- is preempted.  In response to said motion, the Plaintiff moved to amend her complaint to clarify the allegation that though Plaintiff did receive material disclosures after the closing, they were nevertheless defective and not in compliance with either the TILA and or the CCCDA. The Amended Complaint also pled relief in the alternative under both the Federal Truth In lending Act and  the CCCDA statutory schemes.

3.  The Court granted Plaintiff's  Motion To Amend, denied the Motion to Dismiss as moot

1

and ordered the Defendant to respond to the Amended Complaint.  Immediately thereafter, the

Defendant refiled it's Motion to Dismiss which was virtually identical to it's original motion.  The

Plaintiff timely  filed an opposition to the Motion to Dismiss her Amended Complaint.[1]

    4.  Paragraph 14 of the Amended Complaint alleged that " <u>The Notice of Right To Cancel</u>

<u>received by the Plaintiff several days after the closing was defective and confusing as it contained</u>

<u>a deadline to rescind of April 1, 2003 which had already transpired by the time the Plaintiff received</u>

<u>said document in the mail.</u>" ( Emphasis added). It appears that the Court overlooked this crucial

allegation in dismissing the Plaintiff's Amended Complaint. There is no discussion of this fact in

the Court's dismissal order.  It is clear that Champion violated the TILA when it sent a disclosure

to the Plaintiff which contained a deadline to rescind the transaction of April 1, 2003 ( See <u>Exhibit</u>

<u>A</u> of Amended Complaint), a date which had already passed by the time the Plaintiff received the

notice of right to cancel in the mail. As referenced in footnote 2 of Plaintiff's Opposition to Motion

To Dismiss Amended Complaint, this crucial allegation was ignored by the Defendant in it's papers

urging the Court to dismiss Plaintiff's Amended Complaint.

    5.  The Plaintiff has alleged a cognizable claim entitling her to exercise the three year

extended right to rescind under the TILA.  See *Jackson v. Grant*, 890 F.2d 118 (9th Cir. 1989)

(notice of right to cancel specified Mar. 1 as expiration date, but event constituting consummation

did not occur until Apr. 29, so a proper notice was never delivered and consumer had extended right

to rescind); *Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699 ( 9th Cir. 1986)( rescission

---

[1] For purposes of this Rule 59 Motion to Reconsider, the Plaintiff does not challenge the Court's 12/22/05 Order finding that the MCCDA is  preempted by TILA. As indicated in the Plaintiff's response to the Motion to Dismiss Amended Complaint, the preemption issue is not important to the Plaintiff as she can obtain complete relief under the Federal Truth In Lending Act.

2

notice which omitted the expiration date, although it stated that the right expired three business days after July 16, violated TILA and entitled borrowers to rescind transaction); *Basnight v. Diamond developers, Inc.*, 146 F. Supp 2d 754 ( M.D.N.C. 2001)( notice of right to cancel was given Sept. 8 but disclosed that rescission period expired on September 4, three year extended right to rescind applied); *In re Vickers* 275 B.R. 401 (Bkrtcy M.D. Fla 2001) (mortgage company gave borrower a rescission notice that contained a deadline to rescind that expired prior to consummation of the loan which allowed for application of 3 year extended right to rescind.).

6. The First Circuit has stated " that the Act requires clear and accurate disclosures ... of the borrowers rights. *Belini v. Washington Mutual Bank, F.A.* , 412 F.3d 17, 20 ( First Circuit June 15, 2005). It is respectfully suggested that this Court erred in concluding on a Motion To Dismiss that the Plaintiff received compliant TILA rescission disclosures. Accordingly, this Court should grant the Plaintiffs Motion For Reconsideration and vacate the December 22, 2005 Order dismissing her rescission claim.

7. In further support of the Motion For reconsideration, the Plaintiff reminds the Court that Paragraph 15 of her Amended Complaint alleged that " <u>On or about August 6, 2004 the Plaintiff exercised her extended right to rescind the loan for violations of TILA and Massachusetts counterparts. A notice of rescission was sent via certified mail to Champion's Agent, Topkins and Bevans. A Copy of the notice is attached as Exhibit B."</u> ( Emphasis added). Paragraph 16 of Plaintiff's Amended Complaint also alleged that "<u>Champion failed to respond to Plaintiff's request to rescind the mortgage</u>." (Emphasis added).The Plaintiff's opposition to Defendant's Motion To Dismiss her Amended Complaint cited numerous cases that stand for the proposition that a failure to acknowledge a rescission notice is a cognizable claim under the TILA entitling a consumer to an

3

award of statutory damages.  On June 15, 2005, the First Circuit recognized this precise principle in reversing a decision of Judge Ponsor who had dismissed a case where a creditor failed to acknowledge a notice of right to rescind a mortgage loan.  *Belini Supra.*  This Court is bound by First Circuit precedent and must vacate the dismissal on the claim  for statutory damages for the failure of Champion to acknowledge the Rescission Notice as alleged in the Plaintiff's Amended Complaint.

8.  Finally, the Plaintiff requests that the Court allow her to file an Amended Complaint which adds a claim to support her allegation that the Notice of rescission received after April 1, 2003 was defective and confusing entitling her to an extended right to rescind.

**WHEREFORE**, the Plaintiff respectfully requests, pursuant to Fed. R. Civ. P. 59 and 15 that the Court reconsider and vacate it's Order dismissing Plaintiff's Amended Complaint and grant leave for Plaintiff to file a Second Amended Complaint attached hereto as Exhibit A, and deem the complaint filed INSTANTER.

Respectfully submitted,


/s/Christopher M. Lefebvre

Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI  02862
(401) 728-6060
(401) 728-6534 (FAX)
BBO# 629056

Local Rule Certification
I hereby certify that on December 29, 2005, I spoke to Attorney Scott O'Connell in an attempt to resolve the issues raised in the above referenced Motion For Reconsideration. We were unable to reach consensus on any of the issues raised therein.

s/Christopher M. Lefebvre

## **CERTIFICATION**

I hereby certify that on this 29th day of December, 2005 a copy of the foregoing Motion for Reconsideration and attached Second Amended Complaint was forwarded by the Court's ECF system to W. Scott O'Connell, Esq. counsel of record, at 889 Elm Street, Manchester, NH 03101, counsel for defendant.

/s/Christopher M. Lefebvre