UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMY PALMER,

    Plaintiff,

        v.

CHAMPION MORTGAGE,

    Defendant.

Civil Action No. 04-11-954-RCL

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CHAMPION MORTGAGE'S OPPOSITION TO PLAINTIFF PALMER'S MOTION FOR RECONSIDERATION

Defendant Champion Mortgage, a Division of KeyBank National Association ("Champion"), by and through its attorneys, Nixon Peabody LLP, hereby opposes Plaintiff Amy Palmer's ("Plaintiff") Motion for Reconsideration of this Court's December 22, 2005 order dismissing Plaintiff's Amended Complaint.[1]  Plaintiff's motion must fail, given that it is based upon the repetition of previously rejected arguments, and this Court's decision is fully supported by the applicable law.

---

[1] Plaintiff also attempts to bootstrap a Motion to file a Second Amended Complaint to the Motion for Reconsideration.  Champion submits that Plaintiff's "motion," which merely consists of a cursory request that this Court "grant her leave to file a Second Amended Complaint, instanter," is not properly before the Court. See Motion for Reconsideration ("Mot. for Rec.") at 1; McLaughlin v. Arthur Andersen, 962 F.2d 187, 195 (2d Cir. 1992) (holding that the lack of a formal motion to amend in combination with a previous opportunity to amend justified the District Court's denial of leave to file a Second Amended Complaint).  Therefore, this Court should address solely the motion properly before it—the Motion for Reconsideration.

M127683.1

**Relevant Procedural History**

On October 5, 2004, Plaintiff filed her Original Complaint. After permitting Plaintiff to amend her complaint, Champion filed a motion to dismiss. On December 22, 2005, this Court granted Defendant's motion, finding that the "Notice the plaintiff received <u>clearly and conspicuously</u> advised her of her right to cancel the transaction within three business days from the last to occur of three events, one of which was the date she received the notice of right to cancel." <u>See</u> Dec. 22, 2005 Electronic Order ("Elec. Ord.") (emphasis added). Thus, the Court found Plaintiff's attempt to rescind the loan transaction time-barred. This Court also found Plaintiff's Truth in Lending Act ("TILA") claim time-barred. Finally, this Court found that Plaintiff's claim pursuant to the Massachusetts Consumer Credit Cost Disclosure Act ("MCCCDA") is preempted by TILA. Accordingly, the Court entered judgment for Champion on December 28, 2005. Plaintiff filed the instant Motion for Reconsideration.[2]

**Standard of Review**

"[I]t is very difficult to prevail on a Rule 59(e) motion [for reconsideration]." <u>Marie v. Allied Home Mortgage Corp.</u>, 402 F.3d 1,7 n.2 (1st Cir. 2005). Such a motion is only entertained to correct an earlier ruling in light of manifest errors of law, newly discovered evidence, or an intervening change in law.[3] <u>Id.</u> at 7; <u>Hayes v. Douglas Dynamics, Inc.</u>, 8 F.3d

---

[2] As noted in Plaintiff's Motion for Reconsideration, Plaintiff is not challenging the portion of this Court's December 22, 2005 order finding that her MCCCDA claim is preempted by TILA. Thus, Defendant's Objection likewise only addresses Plaintiff's challenge to the dismissal of the TILA claim.

[3] Although she does not specify, it appears that Plaintiff's Motion for Reconsideration rests on the argument that this Court committed a manifest error of law in granting Defendant's motion to dismiss. Indeed, Plaintiff did not argue (nor could she) that she discovered new evidence. Likewise, because <u>Belini v. Washington Mutual Bank, F.A.</u>, 412 F.3d 17 (1st Cir. 2005), the primary case relied upon by Plaintiff, was issued on June 15, 2005, more than six months prior to

*(Footnote continued on next page)*

88, 90 (1st Cir. 1993). Motions for reconsideration "cannot be used as a vehicle to relitigate and/or rehash matters already litigated and decided by the Court." Villanueva-Mendez v. Vazquez, 360 F. Supp. 2d 320, 322 (D.P.R. 2005).

Because all of the arguments presented by Plaintiff were previously presented and properly rejected by this Court, and because there is ample support for this Court's decision, this Court should deny Plaintiff's Motion for Reconsideration.

**Legal Argument**

In her Motion for Reconsideration, Plaintiff attempts to relitigate her claim that Champion violated TILA by contending that this Court apparently overlooked Plaintiff's allegation that "The Notice of Right to Cancel received by the Plaintiff several days after the closing was defective and confusing." See Mot. for Rec. at 2 (emphasis omitted). Plaintiff further reargues that she has a cognizable claim entitling her to extend her right to rescind pursuant to TILA. See Mot. at 2. Finally, Plaintiff "reminds" this Court of her claim that Champion violated TILA by failing to respond to her rescission notice. See Mot. at 3.

Each of these arguments, however, was already raised by Plaintiff and rejected by this Court in its dismissal of the Amended Complaint. Accordingly, Plaintiff is prohibited from revisiting these arguments in her motion for reconsideration. See Landrau-Romero v. Banco Popular de Puerto Rico, 212 F.3d 607, 612 (1st Cir. 2000) (holding that because Plaintiff merely reiterated an argument that was available to him before judgment was entered, Rule 59(e) relief was unavailable); Hayes., 8 F.3d at 91 n.3 (finding the district court did not abuse its discretion

---

*(Footnote continued from previous page)*
this Court's dismissal of Plaintiff's Amended Complaint, it does not constitute an intervening change in law. Thus, Plaintiff's only vehicle for relief rests upon her showing that this Court committed a "manifest error of law." For the reasons that follow, Plaintiff cannot make this showing.

M127683.1                                   3

in denying a Rule 59(e) motion when "none of the information presented was new, nor was it unavailable when the [motion to dismiss] was filed"); Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990) (motions for reconsideration may not be used by a losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier."); Cordero-Jimenez v. Delgado-Altieri, 2005 U.S. Dist. LEXIS 13840, at *22-23 (D.P.R. May 24, 2005) ("[A] motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly.") (quotation omitted). Moreover, to the extent that Plaintiff asserts these arguments were not previously raised, they likewise do not entitle her to relief. See Rivera v. Puerto Rico Aqueduct & Sewers Auth., 331 F.3d 183, 193 (1st Cir. 2003) (affirming district court's denial of a Rule 59(e) motion because plaintiff's attempt to raise a new legal argument was an inappropriate use of this procedural device).

Even if this Court entertains Plaintiff's improper attempt to relitigate previously rejected arguments, Plaintiff's contentions should be rejected as a matter of law again. In support of her motion, Plaintiff relies on the First Circuit Court of Appeals' pronouncement in Belini v. Washington Mutual Bank, F.A., 412 F.3d 17 (1st Cir. 2005). Belini is inapposite to the instant case.[4] First, the Belini Court primarily addressed "whether TILA permits a damages claim to be stated by the debtor under 15 U.S.C. § 1640 based on the creditor's alleged failure to respond properly to the debtor's notice of rescission." Belini, 412 F.3d at 19. In contrast, Plaintiff's TILA claim is based largely upon her allegation that the disclosures were defective and

---

[4] Furthermore, even assuming arguendo that the additional cases cited by Plaintiff support her position, they are not controlling law. See Jackson v. Grant, 890 F.2d 118 (9th Cir. 1989); Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699 (9th Cir. 1986). Therefore, plainly, this Court's decision not to adopt the reasoning of the Ninth Circuit cannot constitute a manifest error of law.

M127683.1                                4

confusing, and thus ineffective. Moreover, to the extent that Plaintiff contends Champion violated 15 U.S.C. § 1635(b) by refusing to take the statutorily required steps within twenty days, Plaintiff ignores that such action is only required "upon receiving a debtor's <u>valid</u> notice of rescission." <u>Id.</u> at 25. As these proceedings have evidenced, Plaintiff's notice to Champion was untimely, and thus invalid. Accordingly, Champion did not violate section 1635(b) by ignoring Plaintiff's baseless rescission request. Furthermore, Plaintiff's statutory claims are also time-barred as they were not brought within one year of the date of the alleged violation. <u>See</u> 15 U.S.C. § 1640(e); <u>Rodrigues v. Members Mortgage Co., Inc.</u>, 323 F. Supp. 2d 202, 210 (D. Mass. 2004).

Finally, despite Plaintiff's assertions to the contrary, this Court's finding that Plaintiff was clearly and conspicuously advised of her right to cancel is also fully supported by the language of the Notice of the Right to Cancel.[5] Therefore, Plaintiff's arguments also fail on their merits.

## CONCLUSION

Because all of the arguments presented by Plaintiff were previously raised and properly rejected by this Court, and because there is abundant support for this Court's decision, this Court should deny Plaintiff's Motion for Reconsideration.

WHEREFORE, Defendant Champion Mortgage respectfully requests that this Court:

a.  Deny Plaintiff's Motion for Reconsideration;

b.  Affirm its Order granting dismissal of all claims against Champion; and

c.  Grant such further relief that this Court deems just and appropriate.

---

[5] The Notice provided, in pertinent part: "If you cancel by mail or telegram, you must send notice no later than midnight of April 1, 2003 (<u>or midnight of the third business day following the latest of the three (3) events listed above</u>)."

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | CHAMPION MORTGAGE, A DIVISION OF KEYBANK NATIONAL ASSOCIATION |
|  | By its attorneys, |
|  | NIXON PEABODY LLP |
| Dated: January 6, 2006 | By:  /s/ W. Scott O'Connell_____<br>W. Scott O'Connell, BBO No. 559669<br>889 Elm Street<br>Manchester, NH  03101<br>soconnell@nixonpeabody.com<br>(603) 628-4000 |

M127683.1                              6